JAMES WINTERS V. W. F. LAIRD AND OTHERS.

Copies of a will of a testator, and of the inventory of his estate, taken from the records of the County Court, and properly certified by the clerk, are admissible in evidence in all cases where the records themselves would be admissible; and such copies need not, it seems, be filed among the papers of the suit three days before the trial. A transcript from the District Court is admissible in like manner.

The 16th section of the Act of Limitations of 1841, contemplates that the deed required to support the prescription of five years must be an unconditional deed.

An instrument for the conveyance of title to land which contemplates, by its own provisions, that in a certain event no title shall pass to the obligee, but that in such event the contract shall be rescinded, is not such a deed as is required by the statute.

To render the limitations of five years available, the party pleading it must show the continuous concurrence throughout the entire period, of every incident of ownership specified in the Act.

APPEAL from Gonzales. Tried below before the Hon. Fielding Jones.

Trespass to try title, and for damages, brought by the appellees against the appellant, on the 27th of October, 1859. The property in controversy was a tract of three hundred acres, part of a quarter of a league, lying partly in Gonzales and partly in Lavaca counties. The defendant pleaded the limitations of three and five years.

The plaintiffs acquired their title at a sale for partition among the devisees of Barnett Randle, deceased, made under decree of the District Court of Gonzales county. They offered in evidence a transcript from that court of the proceedings in the suit for partition, and also a certified copy of the will of said Randle, its probate, &c., and of the inventory of his estate, taken from the records of the County Court of Gonzales county. To this evidence the defendant objected, because the copies had not been filed

with the papers of the cause, nor the usual notice given. The court overruled the objections, and admitted the evidence.

By agreement was read in evidence a copy of an instrument in the form of a title bond, executed to the defendant by G. F. Henry and wife, on the 10th of May, 1852, filed for record on the 8th and recorded on the 9th of June, 1854. This was the "deed" upon which the defendant relied in support of his plea of five years limitation. It commenced with a penal clause in the usual form, and was supplemented with the following condition:

"But the condition of this bond is such, that whereas the said Garner F. and Samira E. Henry have this day contracted and sold, on the terms, conditions, and for the price hereinafter expressed, unto the said James W. Winters, the following described tract of land, lying in the county and State aforesaid, on the waters of Peach creek, about 18 miles N. E. of Gonzales, the same being a part of the quarter of a league of land designated as the Philander Priestly quarter; and the tract hereby intended to be sold is bounded as follows, viz:" (here follow the metes and bounds;) "and we have sold said described tract of land unto the said Winters at the price of one dollar and fifty cents per acre, making for said tract of land in all the sum of four hundred and fifty dollars, and in part payment for said land said Winters has paid us the sum of one hundred and eighty-five dollars in cash, and has executed his promissory note, payable to us, for the sum of two hundred and sixty-five dollars, to be paid whenever we can make him a valid warranty deed and clear title to said land. But it is expressly understood, that in case said Winters shall be ejected legally and by any adverse claimant from the peaceable possession of said land, that then we are to deliver to him his said note for $265, and we, the said G. F. and Samira Henry, are to refund to said Winters the said sum of one hundred and eighty-five dollars, which he has paid us, without interest; and whenever the said G. F. and Samira Henry shall obtain a clear and undisputed title to said land, they bind themselves to make to said Winters a warranty deed for the said tract of 300 acres of land;

and if such warranty title shall be so made, then the foregoing bond to be null and void.

"Witness our hands and scrawls for seals, date before written.

(Signed,)       "GARNER F. HENRY,   [L. S.]
"Test,                    "SAMIRA HENRY.      [L. S.]
"F. Chinault."

The defendant, under his plea of five years limitation, claiming by this instrument as a "registered deed," introduced a witness to prove that he had been in the actual, peaceable, continuous, and adverse possession of the land, cultivating and enjoying the same, and paying taxes thereon, from the date of said instrument to the institution of this suit. "But the court refused to allow the witness to testify, because the defendant held his said possession under the said title bond, and not under an absolute deed." The defendant excepted to this ruling, as well as to the admission of the transcripts offered by the plaintiffs.

Verdict and judgment in favor of the plaintiffs, and new trial refused.

*John T. Harcourt*, for the appellant.

*R. M. Tevis*, for the appellees.

BELL, J.—The court below did not err in admitting in evidence the certified copies of the will and inventory of the estate of Barnett Randle, deceased, and the certified copy of the record of the District Court for Gonzales county. Such copies are admissible in all cases where the records themselves would be admissible. (Hartley's Dig., art., 744; Oldham & White's Dig., art. 468.)

The only question in the case is, whether or not the instrument under which Winters claimed title from Henry and wife, is such a deed as is contemplated by the 16th section of the Act of Limitations of the 5th of February, 1841. We are of opinion that it is not. The instrument executed by Henry and wife to witness,

on the 10th day of May, 1852, is in form a bond, with condition expressed, and it contemplates, by its own provisions, that in a certain event, no title shall pass to Winters, but that the agreement between them shall be rescinded. We think the 16th section of the Act of Limitations contemplates an unconditional deed. As was said by Mr. Justice Roberts, in the case of Mitchell v. Burdett, the statute gives very great force to the presumptions arising from the usual incidents of ownership, and attaches great importance and weight to the concurrence of so many incidents of ownership as are specified in the 16th section, to wit: a deed duly registered, possession and cultivation or use of the land, and the payment of taxes, all continued in connection during the full period of five years. If any of these incidents of ownership were wanting, the wisdom of the statute could not be so well vindicated, and especially if the party invoking the aid of the statute could be shown to claim, not under an absolute deed, but upon an agreement that he should have title upon a certain condition, which condition had not transpired. (See Castro v. Wurzbach, 13th Tex. R.)

We are of opinion that there is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.