STELLA SNOWDEN ET AL. v. O. T. RUSH ET AL.

No. 2760.

1. **Payment of Taxes in Limitation of Five Years.**—While *payment of taxes* and possession must concur to support the plea of limitation of five years, it is not required that the payment be actually made during the possession.

2. **Same—Case in Judgment.**—Defendant in trespass to try title showed possession from November 23, 1875, until February 10, 1881, and payment of all the taxes

from 1875 to 1880 inclusive; the taxes for 1880 were not paid until March 29, 1881. *Held,* that the statute as to payment of taxes was complied with.

APPEAL from De Witt.    Tried below before Hon. H. Clay Pleasants. The opinion states the case.

*R. A. Pleasants* and *S. F. Grimes,* for appellants. —1. To support the plea of five years statute of limitation, the registration of the deed, the use and possession of the land, and the payment of taxes thereon must all be concurrent and continuous for a period of five years, and any evidence as to one of these requisites, after the others have been shown not to exist, is immaterial and inadmissible. Rev. Stats., art. 3193; Winters v. Laird, 27 Texas, 616; Castro v. Wurzbach, 13 Texas, 128.

2.   To support the plea of the five years statute of limitation, it must be shown by competent evidence that the party seeking to prescribe under said statute has complied with each and every requisite thereof, and in the absence of proof there is no presumption of law that said requisites have been fulfilled by the party claiming under such plea.   Rev. Stats., art. 3193; Henderson v. Beaton, 1 Posey's U. C., 17; Winters v. Laird, 27 Texas, 616.

3.   The payment of taxes after the possession of the land had been abandoned, though the possession had continued for five years, will not entitle appellee to prescribe under the five years statute of limitation, because it has often been decided that the possession and payment of taxes must be concurrent, and this possession and payment of taxes must be shown to have been by the party claiming under said statute, or by some one acting for him.   Rev. Stats., art. 3193; Murphy v. Welder, 58 Texas, 235; Watson v. Hopkins, 27 Texas, 637; Ledyard v. Brown, 27 Texas, 393; Hays & Calvert v. Barrera, 26 Texas, 78.

*Fly & Davidson,* for appellees.

ACKER, PRESIDING JUDGE.—Appellants sued in trespass to try title. Appellees pleaded the five years statute of limitation.    The trial was without a jury.

It was proved that appellees held possession of the land under duly registered deed from November 23, 1875, until February 10, 1881, and paid all taxes assessed against the land for the years 1876 to 1880, inclusive, but did not pay the taxes for the year 1880 until the 29th of March, 1881.

Appellants contend that the facts do not sustain the plea, because the payment of the taxes for the year 1880 was not made until after possession had been abandoned, and was not therefore concurrent with the possession.

It is well settled that the payment of taxes and possession must concur, but we do not understand by this that the taxes must be actually paid during the continuance of the possession. By the use of the phrase " possession and payment of taxes must concur " in the decisions constru- ing this statute we understand is meant that the time for which taxes are paid and possession held must concur—that is, if the possession is held for the years 1876 to 1880, inclusive, it must be shown that taxes were paid for these years.

Under the laws in force and governing the collection of taxes for the year 1880, the taxes might have been paid at any time after the 1st day of October of that year and up to the 1st day of March, 1881, without costs or damages, and after that time by the payment of the penalties imposed by law for neglect to pay prior to March 1.

Now, suppose appellees had gone into possession of the land under duly registered deed on the 25th day of September, 1875, and continued their possession until the 26th day of September, 1880, and abandoned the possession on that day, one day after the expiration of the five years possession and four days before the taxes could have been paid for 1880; under the doctrine contended for by appellants they would thereby have forfeited the right to claim the benefit of the statute, though they may have paid the taxes for 1880 on the first day it was possible for them to do so.

We do not think such construction consistent with the evident spirit and purpose of the statute.

We think the proof sustained the plea, and that the court did not err in so holding.

It is urged that there was no evidence that the taxes for 1880 were paid for the benefit of appellees.

The court filed conclusions of fact, but there is no statement of facts.

It appears from the findings of fact that Davidson and Atkinson paid the taxes for the entire five years, and that they sold the last of their interest in the land in 1880. Having owned the land on the 1st day of January, 1880, Davidson and Atkinson were liable for the taxes for that year. In the absence of a statement of facts the correctness of the conclusions of fact cannot be questioned, except in so far as the conclusions may contain contradictions. We are of opinion that the judgment of the court be- low is correct and should be affirmed.

*Affirmed.*

Adopted February 11, 1890.