### JULES HIRSCH ET AL. v. JESSIE L. PATTON ET AL.

Decided March 10, 1908.

**1.—Appeal—Preparation of Brief—Statement.**

A reference to many different pages of the stenographer's report in support of a general statement as to the evidence, is not a sufficient compliance with the rules for the preparation of briefs when the appellant's statement as to the evidence is controverted by the appellee.

**2.—Same—Evidence—No Exception.**

In the absence of a bill of exception to the action of the trial court in excluding evidence, an assignment based on such action will not be considered.

**3.—Lost Deed—Existence—Evidence—Recitals.**

The recital in an ancient deed of the existence of another deed, under which the grantor claims, is admissible in evidence in connection with evidence as to the assertion of ownership by the grantee and the non-assertion of ownership by the grantor after the date of the recited deed, as a circumstance to establish the execution of the deed referred to in the recital, in case of its loss and the death of the parties thereto.

**4.—Limitation—Five Years—Concurrent Payment of Taxes.**

To prescribe under the five years statute of limitation, the taxes on the land must be paid concurrently with the possession. By the concurrent payment of taxes is meant that the taxes must be paid for each year with reasonable promptness, either when due and demandable, or within such reasonable time thereafter as is usual and customary in the payment of taxes.

**5.—Same—Essentials.**

To support a title by limitation under the five years statute, it is only required that either cultivation, or use, or enjoyment should co-exist with the adverse claim and possession for the period of five years. It is not necessary that they should all co-exist.

**6.—Same—Undivided Interest—Charge.**

In a suit of trespass to try title, where some of the defendants claimed title under the five years statute of limitation, a charge to the effect that a party holding under a deed to an undivided interest in the land in controversy, could not invoke the statute, held error under the facts of this case.

**7.—Appeal—Brief—Insufficient Statement.**

When the statement under an assignment of error does not show the relevancy of a charge refused by the court, or how the appellant was prejudiced by the action of the court, the assignment will not be considered. Statements in a brief should briefly but substantially reflect all that there is in the record relating to the proposition, and there should be a specific reference to the pages of the record supporting each statement.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Brashear & Dannenbaum* and *Hutcheson, Campbell & Hutcheson,* for plaintiffs in error.—The deed from Joseph W. Dunman to W. S. Humble (dated and recorded November 15, 1872) having recited that he conveyed his own interest in the estate of Joseph and Nancy Dunman, "as well as my right, title and interest derived by virtue of a purchase made by me from Jane Maule, one of the heirs to said estate, of all her interest therein," the defendants were entitled to introduce said deed and testimony of the building and use of a tram railroad on the land in question by their vendors, and of the cutting of timber and of other acts of ownership on the part of defendants and those under whom they claim, and to prove the character of said Joseph W. Dunman for honesty and fair dealing and truth and veracity in the community in which he resided; and having also shown, by undisputed testimony, the possession and use by defendants and those under whom they claim (as well as by others holding under the same title) of many tracts of land embraced in the two tracts in controversy, some of such possession continuing nearly forty years—and also shown numerous sales and dealings with said land under said adverse claim— they were entitled to a charge on the question of the presumption of a deed or conveyance or release from said Jane Maule, as requested by them. Harrison v. Fryar, 8 Texas Civ. App., 524; Maxson v. Jennings, 48 S. W. Rep., 785; Herndon v. Burnett, 21 Texas Civ. App., 25; Grant v. Searcy, 35 S. W. Rep., 862; Herndon v. Vick, 89 Texas, 469; Texas Tram & Lumber Co. v. Gwin, 52 S. W. Rep., 111; Dohoney v. Womack, 1 Texas Civ. App., 359; Bounds v. Little, 75 Texas, 320; Dailey v. Starr, 26 Texas, 566; Wells v. Burts, 3 Texas Civ. App., 435; Herndon v. Davenport, 75 Texas, 464; McDow v. Rabb, 56 Texas, 158; Texas Mexican Ry. v. Jarvis, 69 Texas, 542; Johnson v. Shaw, 41 Texas, 434; Garner v. Lasker, 71 Texas, 435; Manchaca v. Field, 62 Texas, 141; Veramendi v. Hutchins, 48 Texas, 552; Texas Mexican Ry. v. Uribe, 85 Texas, 390.

Affidavit of loss of deed required only where certified copy is intended to be used: Blanton v. Ray, 66 Texas, 62; Daniels v. Creekmore, 7 Texas Civ. App., 577.

Comptroller's certificate, competent evidence: Revised Stat., 1895, art. 2308; Harrison v. Fryar, 8 Texas Civ. App., 524.

It was error for the court to charge that to support the five years statute of limitations it was necessary to pay taxes concurrently from year to year, and that only one or two years may be paid after its termination, if the jury believed the party did not intend to abandon his possession and paid taxes in continuation of his intention to hold under the five years' statute. Snowden v. Rush, 76 Texas, 199; Capps v. Deegan, 50 S. W. Rep., 152.

The defendants having repudiated and denied any claim on the part of Mrs. Patton to an interest in the land, and having claimed their tracts of land under deeds conveying the entire (and not an undivided) interest in specific tracts, said defendants could acquire title by limitation, notwithstanding they also held under deeds conveying

undivided interests. Mayes v. Manning, 73 Texas, 45, 46; Church v. Waggoner, 78 Texas, 203; Cryer v. Andrews, 11 Texas, 181, 182; Alexander v. Kennedy, 19 Texas, 493; Byers v. Carll, 7 Texas Civ. App., 424; Puckett v. McDaniel, 8 Texas Civ. App., 633-4; Humphreys v. Edwards, 89 Texas, 512; Lewis v. Terrell, 7 Texas Civ. App., 314; Jack v. Dillon, 6 Texas Civ. App., 192; De Leon v. McMurray, 5 Texas Civ. App., 280; Freeman Coten. and Par. (2nd ed.), secs. 221, 244.

*Masterson, Atkinson & Masterson,* for defendants in error.—The court did not err in refusing the charge requested, and which is copied in the assignment, because there was no evidence offered (except a self-serving recital made by J. W. Dunman, Jr., in his deed) tending to show a grant from defendant in error, and knowledge of that recital was not brought home to his co-tenant, Jessie L. Patton; and as tenant in common, the acts proven or offered were not inconsistent with a continued ownership by defendant in error of the land sued for. Gilkey v. Peeler, 22 Texas, 668; Newcomb v. Cox, 27 Texas Civ. App., 583.

The court did not err in sustaining objections of plaintiff below to the kind of evidence mentioned in the assignment (though the specific evidence offered is not pointed out by this assignment); because cutting timber off of another's land does not meet the requirements of the statute of adverse, notorious, exclusive possession in good faith, using and cultivating the same under authority of a deed duly recorded, accompanied by concurrent payment of taxes for an uninterrupted period of five years; nor does it tend to show a grant from the real owner. Griffin v. West Ford, 60 Texas, 505; Wheeler v. Moody, 9 Texas, 377; Whitehead v. Foley, 28 Texas, 285.

The court did not err in giving the charge quoted and complained of in the assignment, because the concurrent payment of taxes is a necessary element to support five years limitation. Capp v. Degan, 50 S. W. Rep., 1117.

REESE, ASSOCIATE JUSTICE.—This is an action of trespass to try title by Jessie L. Patton joined by her husband, T. W. Patton, against various defendants, including William J. Bissonnett, Sid Westheimer, Jules Hirsch, Humble Oil Company and Moonshine Oil Company, to recover an undivided one-tenth interest in two tracts of land in Harris county. Upon trial with a jury there was a verdict and judgment against certain of the defendants in favor of plaintiffs for an undivided three-fortieths of the land claimed by them. From this judgment the defendants above named prosecute this appeal by writ of error.

The land originally belonged to one Joseph Dunman and was community property of himself and his wife, Nancy Dunman. By will Joseph Dunman devised it to his wife, Nancy, for life, with remainder to his ten children in equal parts. Plaintiff Jessie Patton claims title to an undivided interest as grandchild and one of the heirs of Jane Dunman, who was one of the ten children of Joseph and Nancy Dunman.

There was no error on the part of the trial court in instructing the jury that the property was the community property of Joseph and Nancy Dunman. No other conclusion can be drawn from the undisputed evidence. The property was acquired, one tract in 1846, and the other in 1856. Joseph Dunman executed his will in 1858, from which it appears that there were then living ten children of himself and his wife, Nancy. It was shown that one of these children died in 1876 at the age of 57. An entry in the family Bible showed that another child was born in 1817. The evidence was not disputed and shows that Joseph Dunman and Nancy were married prior to the date of either of the two deeds mentioned. The court below instructed the jury that under the undisputed proof plaintiff was entitled to one-twentieth of the land, and under certain contingencies as to the death of her uncle, Robert K. Adams, childless, leaving a widow, to three-fortieths. This instruction is assailed as error by the second assignment. The only proposition advanced under the assignment is that the evidence raised the issue as to whether plaintiff had shown herself to be the grandchild of Jane Dunman. This contention we do not think sound. We are of the opinion that the result of the uncontradicted evidence is to establish that plaintiff is, as she claims to be, the daughter of Martha Tunnell, who was the daughter of Jane Dunman.

We can not say that the evidence established as matter of law the title of plaintiffs in error under their plea of the five years statute of limitation. In the statement in their brief under the fourth assignment, presenting their objection that the jury erred in finding against plaintiffs in error on this ground, following very brief and very general statements as to the evidence, as for instance, that plaintiff in error Hirsch introduced evidence showing more than five years' possession, cultivation, use, enjoyment and payment of taxes, we are referred to thirty-two different pages of the stenographer's record. The statement is controverted by defendants in error. It would have been little worse if plaintiffs in error, by way of statement, had referred us to the entire stenographer's record for evidence to support the assignment.

There was no bill of exceptions to the exclusion of the evidence offered by plaintiffs in error referred to in the fifth assignment, which is overruled.

By the nineteenth, twentieth and twenty-first assignments, plaintiffs in error complain of the exclusion of certain evidence offered by them to support their claim of the presumption of the execution of a deed by Joseph Dunman, one of the ten children of Joseph and Nancy Dunman, the ancestor of defendant in error, Jessie Patton, under whom she claims title. This evidence consisted of the recitals in a deed executed by Joseph Dunman, Jr. to W. S. Humble, under whom plaintiffs in error claim, dated and recorded November 15, 1872, by which the said Joseph Dunman conveyed his own interest in the land belonging to the estate of Joseph and Nancy Dunman, as well as his right, title and interest derived by virtue of a purchase made by him from Jane Maule (who was Jane Dunman) one of the heirs to said estate, of all her interest therein. This deed was ad-

mitted in evidence as conveying Joseph Dunman's interest. Plaintiffs in error sought to introduce the recitals therein with reference to the purchase by him of the interest of Jane Maule, in support of their claim that Jane Maule had in fact executed such deed conveying her interest to Joseph Dunman. This evidence was excluded by the court. Plaintiffs also offered evidence of the cutting of timber and other acts of ownership by plaintiffs in error and of nonclaim and nonassertion of ownership by Jane Maule or any one claiming under her, including defendant in error, of any interest in the land until the filing of this suit in 1904. Plaintiffs in error also requested a charge submitting this issue, which was refused, which is made the basis of the fourteenth assignment of error. All of these matters, those relating to the exclusion of different items of evidence, and that relating to the refusal of the charge, are attempted to be presented by different assignments followed by a single proposition and statement, and for this reason objection is made to their consideration by defendants in error. We would be inclined to sustain these objections and disregard the assignments if no other reversible error was presented by the record, but as we have concluded to reverse the judgment on other grounds it will be necessary, in view of another trial, that the questions presented by the assignments be passed upon.

We think that the recitals in the deed from Joseph Dunman to Humble to the effect that he had purchased Mrs. Maule's interest, which he conveyed with his own, was admissible in evidence in connection with other evidence showing assertion of ownership of this and other interests, and nonassertion of any claim by Mrs. Maule or those claiming under her, in support of the presumption that her title had in fact passed to Joseph Dunman as represented by him, or as circumstances to establish the execution of such deed. That the execution of a deed may be established by such evidence is no longer an open question. Bounds v. Little, 75 Texas, 320; Herndon v. Vick, 89 Texas, 469; Garner v. Lasker, 71 Texas, 435; Brewer v. Cochran, 99 S. W. Rep., 1033; Sydnor v. Texas Savings Association, 94 S. W. Rep., 452. (The charge of the court in this case, approved by this court, is not set out in the opinion but is fully set out in the case of Frugia v. Trueheart, lately decided by this court and writ of error refused. See also Evans v. Ashe by this court, present term.) The doctrine is so well established that it is not necessary to multiply authorities in support of it.

The deed from Dunman to Humble was executed and recorded in 1872, and expressly conveyed Jane Maule's interest, so far as he could convey it. The recitals in this deed tended to show that he had purchased this interest from Mrs. Maule. The conveyance itself was an open assertion by him of his ownership and right to convey, and the recitals showed that the basis of such claim was a purchase from Mrs. Maule. In Brewer v. Cochran, *supra,* a recital by Roberts in his deed of certain land to Cochran, executed in 1869, that the land had been conveyed to Roberts by Brewer, by deed dated November 30, 1865, was held to be admissible as evidence of the execution of such deed, and, in connection with other evidence showing long continued assertion of ownership by Roberts and those claiming under him, payment of taxes

by them, and nonassertion of such claim by Brewer or his heirs after the date of such recited deed, sufficient to establish the execution of such deed. In the present case the deed from Dunman containing the recital was executed and recorded in 1872, thirty years and more prior to the trial, and the evidence tended to show that from that date to the filing of this suit in 1904 there had been no assertion of claim by either Jane Maule or her heirs to any interest in this land although there had been active assertion of such claim to her interest, under this deed to Humble, during all of this time. All of the parties to such transaction were dead and it was shown that search had been made for such deed. We think evidence tending to show these facts was admissible and that the issue should have been submitted to the jury, as requested by plaintiffs in error. The comptroller's certificate showing rendition of the land for taxes by plaintiffs in error and that it was not rendered by defendant in error or those under whom she claims title, would be admissible upon this issue.

The court instructed the jury upon the issue of limitation, that in order to prescribe under the five years' statute, plaintiffs must have been in continuous possession of the land for five years under a deed duly registered, cultivating, using *and* enjoying the same, and paying taxes thereon; "that such taxes must have been paid concurrently and that by 'concurrently' is meant that the taxes must be paid from year to year, and one year's taxes may be paid after its termination or two years after its termination, if they believed from the evidence that the party did not intend to abandon his possession, and paid the taxes in continuation of his possession." It is objected to this charge that the definition of what is meant by payment "concurrently," is erroneous and was prejudicial to plaintiffs in error.

The authorities all agree that in prescribing under the five years' statute of limitation the taxes on the land must have been paid concurrently with the possession, but there is no clear and satisfactory definition of the term "concurrently," so far as we have been able to find. Some loose expressions in the opinion in Snowden v. Rush, (76 Texas, 199) would seem to indicate that it was really immaterial when the taxes were paid, provided they were paid for the five years covered by the period of possession. It was also held by the Court of Civil Appeals of the Fourth District in Capps v. Deegan, (50 S. W. Rep., 151) in a case where the five years period covered the years 1890 to 1894, that it was sufficient as a compliance with the provisions of the statute, that the taxes for 1890, 1891 and 1892 were all paid on the 29th November 1892. In passing upon the question the court simply says, "To support the statute of limitation of five years it is not necessary to show that the taxes for each year were paid during the respective years when they accrued." In refusing a writ of error in this case the Supreme Court says: "We are not prepared to concur with the Court of Civil Appeals in holding that the appellee made out her title to the land in controversy by virtue of the statute of limitation of five years." (Capps v. Deegan, 92 Texas, 600). Looking to the findings of fact by the Court of Civil Appeals, which were conclusive upon the Supreme Court, this must be taken as, at least, a qualified dissent from the conclusion that the payment of taxes as

stated was sufficient. In Mitchell v. Burdett, (22 Texas, 635) the essential elements of the defense under the five years' statute are said to be "a deed, registration of deed, possession of the land, cultivation, use or enjoyment, payment of taxes, and these all continued in connection during the full period of five years." (Winters v. Laird, 27 Texas, 619.) In the case of Snowden v. Rush, *supra,* the taxes for the last of the five years, upon which the question arose, were paid March 29 of the subsequent year. We are inclined to think that in order for the payment of taxes to be concurrent with the possession, use or cultivation under recorded deed, such payment must be made for each year with reasonable promptness, either when due and demandable, or within such reasonable time thereafter as is usual and customary in the payment of taxes. We do not think that the rule stated in the charge referred to was more onerous upon plaintiffs in error than that imposed by the statute. We think, however, that the court was in error in the reference in the charge to any intention of abandonment by plaintiffs in error. We can find nothing in the evidence suggesting such intention of abandonment on the part of either of them.

It was error also to charge that cultivation, use *and* enjoyment was essential to the adverse claim. By this the jury may, and probably did, understand that all three of these were essential, while, under the statute, only one of them is required. It is not shown that this error really prejudiced plaintiffs in error, and we would not reverse the judgment on this account, but we call attention to the error in order that it may not occur on another trial.

The jury was instructed that where any of the parties held under a deed conveying an undivided interest, limitation cannot be invoked in their favor, because the plaintiff is a tenant in common and can not be barred by holding under such a deed. The instruction is objected to by the seventh assignment. It is insisted by defendants in error that this part of the charge referred to some of the numerous defendants who took under the deeds to them only an undivided interest. This is not at all clear by the charge. A party who holds under a deed conveying to himself the entire interest from one who holds only an undivided interest may be said to hold *under* the latter deed, as well as the deed to himself. It seems to be conceded that plaintiffs in error all held under deeds to themselves, conveying the entire interest in the respective tracts claimed by themselves, and that their title traces back to the deed from Joseph Dunman to Humble in 1872, in which the undivided interest of Jane Maule, which is the specific interest here claimed by defendant in error, was conveyed, so far as the deed could convey such interest. Certainly they would not be held to be tenants in common with defendant in error so as to affect their adverse holding under the statute. We are inclined to hold that the charge as given was erroneous, so far as it related to plaintiffs in error, and prejudicial to their rights.

We can not consider the tenth assignment of error based upon the refusal of a requested charge upon the defense of limitation as applied to a number of the defendants. In the statement following it

is not shown that the evidence rendered such a charge applicable, or that its refusal was prejudicial. The statement is entirely insufficient.

For the same reasons the eleventh assignment can not be considered.

For the reasons set out in passing upon the sixth assignment the twelfth assignment is overruled.

The thirteenth assignment is overruled. It does not appear from any of the statements in the brief that the issue of a defense under the ten years' statute of limitations was raised by the evidence, by all or any of the plaintiffs in error with regard to whose claims the charge was asked, and there was no error in refusing the charge.

There is no merit in the fifteenth assignment. There was no issue to be submitted to the jury as to the fact that the plaintiff, Jessie Patton, is the child of Martha Tunnell.

The charge requested by the Humble Oil Company, as set out in the seventeenth assignment of error, should have been given, in view of the error in the general charge on the issue of limitation, as set out in this opinion.

We must call attention to the insufficiency of the statements accompanying the propositions under the various assignments of error in the brief of plaintiffs in error. The statements are not in compliance with Rule 31. Such statements should briefly but substantially reflect all that there is in the record relating to the proposition, and there should be specific reference to the pages of the record supporting each statement.

The brief is also not in compliance with the rules in the reference to a large number of pages of the record in support of a general statement of the evidence as is herein pointed out.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*