## HOUSTON OIL CO. OF TEXAS v. JORDAN et al. (No. 384.)

(Court of Civil Appeals of Texas. Beaumont. April 28, 1919. Rehearing Denied May 28, 1919.)

1. APPEAL AND ERROR ☞773(4)—MATTERS REVIEWABLE—BRIEFS.

Where one who filed assignments of error in the trial court has not briefed the case in the appellate court, the judgment will be affirmed, unless fundamental error is apparent on the face of the record.

2. ADVERSE POSSESSION ☞94—PAYMENT OF TAXES.

The five-year statute of limitations does not require, in order to acquire title by adverse possession, that taxes be paid before they become delinquent, but only that such taxes be paid concurrently with the possession held by the occupant, and before adverse suit to recover the land.

Error from District Court, San Augustine County; W. R. Blackshear, Judge.

Actions by the Houston Oil Company of Texas against L. N. Jordan and others and against John W. Robbins and others, consolidated. From adverse judgments, Robbins and others and the Houston Oil Company bring error. Affirmed.

Kennerly, Williams, Lee & Hill, of Houston, for plaintiffs in error.

Jno. F. McLaurin, of San Augustine, and Denman & Thomas, of Lufkin, for defendant in error.

HIGHTOWER, C. J. Houston Oil Company of Texas, plaintiff below, brought this action of trespass to try title in the district court of San Augustine county against L. N. Jordan and his wife, Laura Jordan, and L. A. Jordan and his wife, Mary Jordan, seeking to recover 25 acres of land, a part of the league of land granted to Joseph Shipp, said 25 acres being described by specific metes and bounds. In the same court, at the same time, there was pending another cause, styled Houston Oil Company of Texas v. John W. Robbins et al., involving the title to 50 acres of land, also a part of the Joseph Shipp league, and by agreement of all parties in both causes they were consolidated and tried together. The consolidated cause was tried before the court without a jury, and resulted in a judgment in favor of the Houston Oil

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Company of Texas as against Robbins et al. for the 50 acres claimed in that suit, but as to the 25 acres sued for as against the Jordans judgment was rendered in favor of the defendants, L. N. Jordan and wife.

[1] From the judgment so rendered, Robbins and others excepted, and gave notice of appeal from the judgment allowing recovery to the Houston Oil Company of Texas for the 50 acres in that cause, and the Houston Oil Company of Texas excepted and gave notice of appeal from the judgment denying any recovery as against the Jordans. Robbins et al., however, although filing assignments of error in the trial court, have not briefed the case in this court; and, there being no fundamental error apparent on the face of the record as to that cause, the judgment in favor of the Houston Oil Company of Texas for the 50 acres of land awarded it as against Robbins et al. will be in all things affirmed.

What we shall say hereafter will have reference alone to the judgment in favor of L. N. Jordan et al.

The Jordans, in addition to their general denial and plea of not guilty, interposed the statutes of limitation of 3, 5, and 10 years as to the 25 acres of land awarded them by the judgment.

Defendants in error have filed no brief in this court, and we must look alone to the brief of plaintiff in error for assistance in disposing of the appeal.

By the first assignment of error, it is claimed, substantially, that the trial court was in error in refusing to render judgment in favor of plaintiff in error for the 25 acres of land sued for, because the undisputed proof showed that plaintiff in error had a complete chain of title thereto from the sovereignty of the soil, but, if not, that it showed a superior title thereto from a common source.

By the statement contained in the brief of plaintiff in error following this assignment, it will appear that plaintiff in error did, as contended, establish title to the 25 acres in controversy from the sovereignty of the soil; but, if it were relegated to the common source for title, it would appear that it showed a superior title under the claimed common source. We, therefore, conclude at the outset that plaintiff in error showed a superior title to the 25 acres in controversy as against the Jordans, and should have recovered, unless the judgment of the court should be sustained upon the theory that defendants in error showed title by limitation under the 5-year statute. After a careful consideration of the record, in connection with the plea of 5-year limitation, we have concluded that the evidence was sufficient to warrant the judgment in favor of the defendants in error upon that plea.

[2] There is really no dispute in the evidence with reference to the character of the possession held by the Jordans, nor is there any contention that possession was not held for the statutory period of 5 years, but the main contention is that taxes were not paid concurrently during such possession; in other words, that taxes for several of the years during which the possession was held by the Jordans and their predecessors were not paid as they became due, but were permitted to become delinquent, and that, therefore,, the 5-year statute was not complied with, which according to the contention of plaintiff in error, required that the taxes should be paid for each year, and as they accrued, and before becoming delinquent. It would serve no useful purpose to attempt to clear up the confusion that may be conceded to exist in the state of the decisions of this state at the present time as to what the expression "concurrently" means, with reference to the payment of taxes under the 5-year statute. The question was fully discussed by the Court of Civil Appeals for the First District, speaking through Justice Reese, in the case of Hirsch v. Patton, 49 Tex. Civ. App. 499, 108 S. W. 1015. It was again discussed at some length by the same court, speaking through Chief Justice Pleasants, in the case of Fogle v. Baker, 205 S. W. 752. In the case last mentioned, it seems to have been, in effect, held that the 5-year statute of limitation does not require, in order to acquire title by adverse possession, that taxes be paid before they become delinquent, but only that such taxes be paid concurrently with the possession held by the occupant, and before adverse suit to recover the land. If these decisions announce the correct rule, then, unquestionably, the payment of taxes in this case by the Jordans, and those with whom they are in privity, was a sufficient compliance with the statute, and entitled defendants in error to judgment under their plea of limitation of 5 years, the other elements being present.

The judgment will therefore be affirmed; and it is so ordered.