GEORGE W. BAKER ET AL. v. LEWIS FOGLE ET AL.

No. 3257.    Decided December 17, 1919, March 10, 1920.

(217 S. W., 146, 219 S. W., 450.)

1.—Limitation—Registered Deed—Payment of Taxes.

To support title by limitation through possession of land for five years under deed duly registered and payment of taxes thereon it must appear that such payments were made before they became delinquent. Payment thereafter of taxes and penalties does not suffice. (Pp. 304-308).

2.—Same—Notice.

The essential office of tax payments in support of limitation is to give to the owner notice of the adverse claim additional to that afforded by the possession and the registered deed; and regular and unbroken tax payments have a distinct value in negativing an abandonment of the possessor's claim. (Pp. 307, 308).

3.—Same—Cases Discussed.

Snowden v. Rush, 76 Texas, 197, dissapproved. Refusal of writ of error in Capps v. Deegan, 92 Texas, 601, and opinion in Club Land & C. Co. v. Wall, 99 Texas, 595, discussed. Fogle v. Baker, 205 S. W., 1052 reversed. (Pp. 304, 305).

ON MOTION FOR REHEARING.

4.—Limitation—Claim Under Forged Deed.

Proof that a registered deed under which the possessor claimed, made by one describing himself as sole heir of a former owner, was made during the lifetime of the latter, and that he had no relative of the name of such grantor, afforded no evidence that the deed was a forged one. (P. 308).

5.—Same—Query.

The ruling of the appellate court herein (Fogle v. Baker, 205 S. W., 1052; that title by limitation was shown by possession, payment of taxes, etc., under a genuine deed duly registered, though the conveyance to the grantor in such deed should be shown to be forged) being unnecessary to a decision herein, is neither approved nor disapproved. (P. 308).

**6.—Practice in Supreme Court—Reversal—Assignments Not Determined on Appeal.**

Where on appeal the judgment of the trial court was reversed and rendered for appellant, the Supreme Court, on reversing this upon writ of error, will not affirm the judgment of the trial court where assignments of error raising questions not within its jurisdiction were left undetermined by the appeal. It will remand to the Court of Civil Appeals with directions to determine the questions raised by such assignments, and dispose of the case in accordance with its opinion. (P. 308).

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

Baker and another sued Fogle and others for the recovery of land, to which defendant Fogle asserted title by limitation in a cross action. Each had judgment for an undivided half thereof. Both parties appealed. The judgment was reversed and appellant Fogle awarded recovery of the entire land. 205 S. W., 752. Baker and his co-plaintiff procured writ of error from the Supreme Court.

*Hutcheson & Bryan*, and *A. D. Dyess*, for plaintiffs in error.— In order to support the five year statute of limitation, the taxes must be paid when they are due and payable and not after same have become delinquent and the penalty has attached or after suit has been brought on same. Capps v. Deegan, 92 Texas, 600; Club Land & Cattle Co. v. Wall, 99 Texas, 591; Murphy v. Waelder, 58 Texas, 235; Sorrell v. Matlock, 79 Texas, 304.

The court did not err in refusing to sustain appellant's plea of five years' limitation, because the uncontradicted evidence shows that the appellant Fogle was in possession of the land, and in the absence of the five years statute of limitation would deraign title through and was claiming under a forged deed. The act of the person who signed the name Wesley Baker to the deed to C. R. Brace, wherein he alleges that he is the sole surviving heir of George W. Baker, deceased, constitutes a forgery. State v. Hooker, 30 S. W., 783; State v. Davis, 29 S. W., 478; State v. Barnwell, 1 Texas Crim., 748; State v. Brewer, 22 S. W., 41; State v. Boswell, 127 S. W., 822; Logan v. Robertson, 83 S. W., 399; Vernon's Crim. Stats., arts. 947, 950, 951; Phillips v. State, 6 Texas Crim., 364; Dillard v. State, 177 S. W., 99; Heard v. State, 9 Texas Crim., 1.

*F. R. Switzer*, and *Sam, Bradley & Fogle*, for defendants in error.—The undisputed evidence showing that defendant Fogle had actual, peaceable, adverse and continuous possession of the land in controversy, using, cultivating and enjoying the same, for a period of more than five years, and that he held such

possession under a deed duly recorded, and paid the taxes thereon for each year of such possession, it was error to refuse the defendants' requested instruction that they had shown title to the land by the statute of limitation of five years. Snowden v. Rush, 76 Texas, 197; Hirsch v. Paton, 49 Texas Civ. App., 499, 108 S. W., 1015.

That statutes of limitation are to be liberally construed: Heflin v. Burns, 70 Texas, 355; Gautier v. Franklin, 1 Texas, 739.

Several of the Courts of Civil Appeals have followed the decision of Snowden v. Rush. It is safe to say that hundreds of the trial courts have done likewise and that thousands of Texas lawyers have relied upon the proposition stated in Snowden v. Rush as being the announcement of a principle of law which should govern in the exchange of property. The Snowden case belongs peculiarly to that class of cases which constitute *stare decisis.* Later cases have not referred to it except to approve it, and it surely stands now as a rule of property.

In the case at bar, there is no suggestion in the evidence that Wesley Baker, who executed the deed to C. R. Brace, was not the person whom he represented himself to be and really the sole heir at law of G. W. Baker of Fayette County, Illinois. The notary certified that he was known to him. The trial court did not err in finding that the deed was not a forgery. The mere fact that he purported to convey property to which he appears to have had no title did not, of course, make it a forged instrument, nor did the fact that his father had no title.

But even if the Wesley Baker deed were a forged instrument and that fact had been proven, still the controlling fact exists that appellants were holding possession and claiming under a different chain of title, of which G. W. Baker was not the common source. In Rice v. Railway Co, 87 Texas, 90, 26 S. W., 1047, 47 A. S. R., 72, it was held that. though plaintiff had shown defendant to be claiming under a common source, the defendant could show either that he holds a title superior to the common source, or that some-one else had the title anterior to the common source, and that such title never vested in the common source. To the same effect, Ferguson v. Ricketts, 93 Texas, 555, 57 S. W., 19, and Howard v. Masterson, 77 Texas, 41, 13 S. W., 635.

All the above cases and others, are reviewed in the case of Word v. Houston Oil Co., 144 S. W., 334, in which it was held that where a party had two distinct chains of title, one of which was under a common source with his opponent, he was not precluded from showing that a deed back of the common source was a forgery, and that the real title claimed by him was independent of the forged deed. · A case directly in point is that of Olsen v. Greele, 190 S. W., 240.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiffs in error were entitled to recover the 100 acres of land sued for, unless defendant in error, Lewis Fogle, had acquired title under the statute of limitations of five years.

Defendant in error, Lewis Fogle, had peaceable and adverse possession of the land, cultivating, using and enjoying the same, and claiming under a deed duly registered, from the spring of 1907 to October 2, 1916, when this suit was filed.

Defendant in error, Lewis Fogle, paid the taxes for 1907 on June 4, 1908, and paid the taxes for 1913 on November 30, 1914. He paid the taxes for each of the other years from 1907 to 1916 before such taxes became deliquent.

The land belonged to the community estate of Daniel Baker and wife, having passed to plaintiffs in error by inheritance from them. Daniel Baker died in 1901; his surviving wife died in 1910; and there was no administration on the wife's estate.

On these facts, the trial court adjudged one-half the land to plaintiffs in error and one-half to defendant in error, Lewis Fogle, holding that he had acquired title, under the five years statute of limitation, to the one-half interest which formerly belonged to Daniel Baker, but that he had not acquired title, under that statute, to the one-half interest, which formerly belonged to the wife of Daniel Baker, since payments of taxes for five consecutive years were not shown, excluding the year of suspension of limitations following the death of the wife of Daniel Baker, and excluding the tax payments for the years 1907 and 1913.

The Honorable Court of Civil Appeals held that the tax payments for 1907 and 1913 met the requirements of the five years statute of limitations and reversed the judgment of the trial court, and rendered judgment for defendant in error, Lewis Fogle, against the plaintiffs in error, for the title to, and possession of, the entire 100 acres in controversy.

The case is determined by our conclusion that such payments of taxes were not shown for the years 1907 and 1913 as were required by our five years statute of limitations.

The Court of Civil Appeals based its decision on Snowden v. Rush, 76 Texas, 197, 13 S. W., 189, where it was held in an opinion of the Commission of Appeals, adopted by the Supreme Court, that the plea of five years limitation was sustained, though the proof showed that taxes for one of the requisite five years was not paid until the following March 29th, when the law imposed penalties for neglect to pay before March 1st. The opinion in that case discusses only the effect of delaying to make the tax payment until subsquent to the abandonment of the possession of the land, after such possession had continued for the full term of five years, and deals in no wise with the effect of delaying the payment until the taxes were deliquent, save to state that under the governing

laws in force in the year in question the taxes were authorized to be paid after March 1st, when accompained by penalties, and save to state that the trial court did not err in sustaining the limitation plea.

Notwithstanding it could hardly be said that the opinion in Snowden v. Rush disclosed a deliberate examination and decision of the precise question here presented, we should be strongly inclined to follow it as involving a determination of the question in favor of the claimant under the statute, had not this Court indicated, at the first opportunity, that it was not inclined to consider payments of taxes, after they became delinquent, as complying with the statute.

In Capps v. Deegan, 50 S. W., 151, the San Antonio Court of Civil Appeals adopted a conclusion of fact by the trial court as follows: "I find that the plaintiff, Margaret Deegan, through her tenants, was in possession of the premises sued for from 1888 to 1895, inclusive, cultivating and using same; that such possession was continuous, peaceable, and adverse, and that she paid the taxes for the years 1890, 1891, 1892, 1893, and 1894, but that the taxes for the years 1890, and 1891, and 1892 were all paid on the 29th day of November, 1892; and that such possession was under deeds duly recorded." As conclusions of law, the Court of Civil Appeals found that the evidence, though conflicting, supported the trial court's findings; that the description in the deed, under which limitation was claimed, was sufficient to identify the land; and then the Court said: "To support the statute of five years limitations, it is not necessary to show that the taxes for each year were paid during the respective years when they accrued. Rev. St., Art. 3342. There is no error in the judgment and it is affirmed."

In refusing a writ of error, the Supreme Court, per Chief Justice Gaines, declared its unwillingness to approve the opinion of the Court of Civil Appeals in the following opinion of five lines, viz: "We are not prepared to concur with the Court of Civil Appeals in holding that the appellee made out her title to the land in controversy by virtue of the statute of limitations of five years. But we think that she showed title otherwise. The application is therefore refused." Capps v. Deegan, 92 Texas, 601, 50 S. W., 1117.

The opinion of Judge Brown in Club Land & Cattle Co. v. Wall, 99 Texas, 595, declared that a party seeking to acquire title by limitation, through a five years peaceable and adverse possession which was completed on Dec. 14, 1903, under a registered deed, was under the duty to pay taxes for 1903 from the first day of October 1903, and that failure to pay before the owner filed suit to recover the land on April 11, 1904, prevented the acquisition of title by limitations.

Our statutes authorize the tax collector to begin to collect the taxes for each year on the 1st day of October of that year and, such statutes impose on every person the duty to pay his taxes, for each year, before the last day of the year. Articles 7615, 7616, Rev. Stats. If any person fails or refuses to pay any taxes imposed on him or his property, for any year, by the succeeding January 31st, a penalty accrues of ten per cent. of the amount of such taxes, and any personal property belonging to such person becomes liable to levy and sale, for the payment of the taxes, penalty, etc. On the following 31st day of March, the lands on which taxes remain unpaid are listed as delinquent by the tax collector. Articles 7692, 7575, 7576, 7577, Rev. Stats. There is no difference, which is material here, between our statutes now and those which governed the payment and collection of taxes for the years 1907 and 1913.

There can be no doubt that the taxpayer has become in default, with regard to his obligation for the payment of taxes, when the time has arrived for the imposition of penalties and for the enforcement of his obligation through the seizure and sale of his property. Through defendant in error's default, the taxes for the years 1907 and 1913 on the 100 acres in controversy had become delinquent, before he paid them, and to sustain defendant in error's claim of title by limitation is to hold that the five years' statute requires no more, as respects taxes, than their payment for the period of five years possession, under recorded deed, at any time that the possessor may elect, before suit filed, or before the expiration of the five years possession and before suit filed.

Such a holding, in our judgment, would not be right. It would be contrary to the true purpose of the statutory requirement of tax payments. It would defeat the legislative intent.

Peaceable and adverse possession is required to continue for ten years to give full title to land in Texas, even when taken and held under a duly registered written memorandum of title, other than a deed, fixing the boundaries of the possessor's claim.

This evidences the Legislature's conclusion that *notice* to the owner of an adverse claim, given through peaceable and adverse possession alone, or through such possession plus registration of a written memorandum of title, other than a deed, ought to continue as long as ten years before the owner, who fails to sue, should be deprived of his land.

The Legislature's conclusion is equally evident that the owner should not be deprived of his land by reason of his failure to sue for only half of ten years, unless he has been chargeable with notice of the adverse claim not only through peaceable and adverse possession but through a deed or deeds duly registered and also through the payment of taxes.

By payment of taxes, as by registration of deed, does the possessor give notice, in a public office and in an unequivocal manner, of not only a claim of right but of the extent of that claim. There is nothing open to inspection in a public office to give an owner notice of the number of acres claimed by a naked possessor out of a tract of larger acreage than that in his actual possession. The number of acres is declared and shown in the office of the tax collector and in the office of the county clerk, when taxes are paid and when a deed, within the meaning of the five years statute, is recorded. The fact that the deed records may furnish the more satisfactory notice does not prevent the tax payments from also furnishing notice. The statute requiring notice through both channels, notice through one, even though the better, cannot suffice.

Regular and unbroken tax payments, moreover, have a peculiar and distinct value in negativing an abandonment of the possessor's claim.

As certainly as the payment of taxes implies the assertion of a claim of right, in an open and public way, which may reach the owner, so the discontinuance of tax payments signifies the abandonment of such claim. Ewing v. Burnet, 11 Pet., 54; 9 L. Ed., 624 Holtzman v. Douglas, 168 U. S., 284, 4 L. Ed., 466, 18 Sup. Co., 65; Todd v. Weed, 84 Minn. 7, 86 N. W., 756.

That the essential office of tax payments in support of five years limitation is to give notice of the possessors' claim is clearly recognized in the latest expression on the subject by this Court. In the opinion of Chief Justice Phillips, in Rosenborough v. Cook, 108 Texas, 366, 194 S. W., 132, it is said: "The law of limitation of actions for land is founded upon notice. The title by limitation ripens primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim. Under the three years statute it is afforded by possession under title or color of title. Under the ten years statute it is afforded simply by possession. And under the five years statute it is given by possession, and payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five years statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land."

If it should be said that the tax payments were required to show good faith on the part of the possessor, then surely they could not be discontinued or dispensed with during considerable portions of the five years. Referring to the payment of taxes, the Supreme Court of California said: "If it is an element in the adverse possession tending to show good faith, certainly during those

years in which the taxes have not been paid the possession lacks an essential element required in the statute. During all the years in which the delinquency was allowed, the true owner might forbear suit because of his knowledge that the person in possession had not paid taxes, thereby indicating that he was not holding adversely." McDonald v. McCoy, 121 Cal., 73, 74. 53 Pac., 427.

No real break is allowed in either possession or registration, in acquiring title by limitation under the five years' statute. The same reasons which forbid a break in possession or in registration apply to forbid a break in tax payments. Converse v. Ringer, 6 Texas Civ. App., 51, 24 S. W., 706.

It follows that the judgment of the District Court refusing to sustain the defense of five years limitations as to an undivided half interest in the land was correct.

It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

Opinion delivered December 17, 1919.

ON MOTIONS FOR REHEARING.

The motion for rehearing of plaintiffs in error will be overruled. We concur in the decision of the Court of Civil Appeals that there was no evidence to show that the deed from Wesley Baker to C. R. Brace was forged. Without such evidence, there is no basis for the contention that defendants in error, in the absence of the statute of limitations of five years, would dereign title through a forged deed or that defendants in error claim under a forged deed. Hence, we deem it unnecessary in this case to either approve or disapprove of the holding of the Court of Civil Appeals as to the law applicable to such a contention, on the assumption that the deed was forged.

While otherwise adhering to our original opinion, we have concluded that, as urged in the motion for rehearing of defendants in error, we were in error in affirming the judgment of the District Court: for the reason that it appears that on the appeal by defendants in error the Court of Civil Appeals did not pass upon certain assignments of error urged by defendants in error, because of the decision that defendants in error were entitled to recover the land in controversy, irrespective of those assignments. Some of the undetermined assignments are not within the jurisdiction of this Court, and it is therefore necessary to remand the case to the Court of Civil Appeals. Bird v. Ft. W. & R. G. Ry. Co., 109 Texas, 323, 207 S. W., 520.

It is therefore ordered that the judgment · heretofore entered herein be set aside, and that the judgment of the Court of Civil Appeals be reversed, and that this cause be remanded to the Court of Civil Appeals for the determination of the assignments of error, not heretofore passed upon, and for such further proceedings, not inconsistent with our conclusions, as may be required by the disposition to be made of said undetermined assignments of error.

The costs on the motions for rehearing will be taxed against plaintiffs in error, who will recover all other costs in this Court.

Opinion delivered March 10, 1920.

*Reversed and remanded to Court of Civil Appeals.*