## HOUSTON OIL CO. OF TEXAS v. JORDAN et al.   (No. 234–3418.)

(Commission of Appeals of Texas, Section B. June 1, 1921.)

**Adverse possession** ⊜94—**Taxes must be paid before becoming delinquent under five-year statute of limitations.**

Compliance with the five-year statute of limitations requires that the payment of taxes for each of the five years be made before they have become delinquent for said year.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Actions by the Houston Oil Company of Texas against L. N. Jordan and others, and against John W. Robbins and others, consolidated. From judgment of Court of Civil Appeals (212 S. W. 544), affirming judgments of the district court, the plaintiff brings error. Affirmed in part, and reversed in part and rendered.

H. O. Head, of Sherman, and Kennerly, Williams, Lee & Hill, and Fred L. Williams, all of Houston, for plaintiff in error.

K. W. Denman, of Lufkin, for defendants in error.

POWELL, J. This is an action in trespass to try title, instituted in the district court of San Augustine county, Tex., by the Hous-

ton Oil Company of Texas, for the recovery of 25 acres of land claimed by L. N. Jordan and wife, Laura Jordan, and L. A. Jordan and wife, Mary Jordan. In the same court, at the same time, the same company was suing John W. Robbins et al. for the recovery of 50 acres of land in the same survey. By agreement of all the parties, the causes were consolidated and tried together before the court, without a jury. Judgment was entered in favor of the plaintiff in error for the 50-acre tract, and in favor of L. N. Jordan and wife for the 25 acres. No conclusions of law or findings of fact were filed by the trial court.

Robbins et al. excepted to the judgment as to the 50-acre tract and gave notice of appeal. They filed assignments of error in the trial court, but filed no brief in the Court of Civil Appeals. The latter court, finding no fundamental error apparent on the face of the record, affirmed the judgment of the trial court, awarding the 50 acres to plaintiff in error. See 212 S. W. 544.

The Houston Oil Company of Texas perfected its appeal from the judgment awarding the 25 acres to L. N. Jordan and wife and filed briefs in the higher court. The Court of Civil Appeals, in passing upon that phase of the case, says:

"We therefore conclude at the outset that plaintiff in error showed a superior title to the 25 acres in controversy as against the Jordans, and should have recovered, unless the judgment of the court should be sustained upon the theory that defendants in error showed title by limitation under the five years' statute. After a careful consideration of the record, in connection with the plea of five years' limitation, we have concluded that the evidence was sufficient to warrant the judgment in favor of the defendants in error upon that plea."

And, again, said court held:

"In the case last mentioned, it seems to have been, in effect, held that the five-year statute of limitations does not require, in order to acquire title by adverse possession that taxes be paid before they become delinquent, but only that such taxes be paid concurrently with the possession held by the occupant, and before adverse suit to recover the land. If these decisions announce the correct rule, then, unquestionably, the payment of taxes in this case by the Jordans, and those with whom they are in privity, was a sufficient compliance with the statute, and entitled defendants in error to judgment under their plea of limitation of five years, the other elements being present."

Since the opinion of the Court of Civil Appeals in this case was filed, the Supreme Court of Texas, in an excellent opinion by Justice Greenwood, has passed upon this very question and overruled the views of the Court of Civil Appeals, aforesaid. See Bak-

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

er v. Fogle, 110 Tex. 301, 217 S. W. 141, 219 S. W. 450.

The case at bar is clearly ruled by the authority just referred to, and in that case the Supreme Court holds that compliance with the five-year statute of limitations requires that the payment of taxes for each of the five years be made before they have become delinquent for said year. The reasons for this rule, so fully stated by the Supreme Court, are sound and convincing.

The undisputed evidence in this case shows that the taxes were not so paid during any five-year period of the possession of the land in question by the Jordans, or those with whom they were in privity. For instance, the taxes for the years 1911, 1912, and 1913 were paid on January 4, 1915.

The only proper judgment in this case, under the evidence, is one in favor of plaintiff in error for the 25-acre tract.

Therefore, we recommend that that portion of the judgments of the district court and the Court of Civil Appeals awarding the 50-acre tract to plaintiff in error be affirmed; that that part of the judgments of the district court and the Court of Civil Appeals awarding the 25 acres to L. N. Jordan and wife be reversed, and a judgment here rendered decreeing that tract, also, to plaintiff in error.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⚫══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes