WM. KINNEY AND OTHERS v. H. VINSON AND OTHERS.

1—When there are proper allegations in the pleadings, parol evidence is admissible to establish not only the former existence and subsequent loss or destruction of a writing which might have been evidence in the cause, but, also, the contents, terms, and even the verbiage of the writing.

2—In an action of trespass to try title, any superior title to the plaintiff's, though

outstanding in a stranger to the suit, and whether its existence be disclosed by the plaintiff's evidence, or by proof adduced by the defendant, will defeat a recovery by the plaintiff.

3—The party who seeks to oust the tenant in possession, must exhibit full and satisfactory proof that he is entitled to the land, not only as against the defendant, but as against the world, before he can rightfully expect the court to aid him in supplanting the actual possessor.

4—In this State, however, parties may, in the same suit, bring into litigation the equitable as well as the legal title ; so that, although a plaintiff, by reason of a defectively executed power, or through fraud, accident or mistake, may fail to establish a perfect legal title, yet, even in the same action, he may invoke the equitable powers of the court to perfect his title and award him his property.

5—But in thus exercising its equity jurisdiction, the court must have regard to the equitable rights of the defendant also.

6—The statute of limitation of ten years does not involve the question of good faith in the naked possessor. Its policy was to compel those who had right of entry under title to take actual possession of their land, at the peril of being ousted by those who would settle on it and improve the country.

7—In the present case, this court, ascertaining from the record that the defense *of ten years' limitation* was well established, affirms the judgment of the court below, notwithstanding that the court below erroneously excluded evidence of the title of the plaintiff, by whom the case is appealed.

Error from Rusk. Tried below before the Hon. C. A. Frazier.

The facts are sufficiently indicated in the opinion of the court.

*Armstrong & Parsons,* and *John Burke,* for the plaintiffs in error.

*Martin Casey,* for the defendants in error.

Lindsay, J.—In this action of trespass to try title, the plaintiffs in error were plaintiffs in the court below. It is contended by the appellants that their recovery in the action was defeated by the ruling of the court in excluding the parol proof offered by them of the existence and loss of a power of attorney, an important link in their chain of title, and upon which the subsequent and *mesne* conveyances to them were dependant.

It cannot be questioned that when there is an allegation in

the pleading of the former existence and its loss or destruction of a writing, which might be an instrument of evidence in the cause, parol testimony may be introduced to establish, not only its former existence and its loss or destruction, but the contents, the terms, and even the verbiage of the writing. But there are certain rules of evidence, applicable in all ·cases, to which this privilege must be kept in subordination. In a proper case, such proof may be relied upon and introduced on the trial.

Like the action of ejectment at the common law, this action imposes the obligation upon the plaintiff to depend alone upon the strength of his own title, and not upon the weakness of his adversary's title. Any outstanding superior title in a third person, whether disclosed by the testimony of the plaintiff, or by actual proof adduced by the defendant, will defeat a recovery by the plaintiff in this action. As a mere naked question of law, then, the party who seeks to oust the tenant in possession, must exhibit full and satisfactory proof that he holds the better and superior title, not only to the defendant, but to all the world, before he can rightfully expect the court to aid him in supplanting the actual possession of another. This is a well settled and unquestioned rule of law. But in the system of administrative justice in this State parties may bring into litigation, in the same action, the equitable as well as the legal title; and although the plaintiff may fail in the exhibition of a perfect legal title, by reason of some defectively executed powers, or through fraud, mistake or accident his legal title has been made imperfect, yet he may invoke the equitable powers of the court, even in the same cause, to repair these defects and complete the legal title, so as to entitle him to recover. But in doing so, the court must not ignore the equitable rights of the defendant, and thus disturb his possession, acquired in good faith, without charging him with notice of the equitable claim of the plaintiff, and fixing by proof the knowledge of such claim upon him at the time of his taking possession.

The court is of opinion, therefore, that there was error in the rulings of the court in refusing or rejecting the evidence conducing to prove the loss of the power of attorney and its contents, which, even without such proof, might have been presumed to have existed, from the great lapse of time, and from the recitals in the deed purporting to have been made under it.

But admitting that the whole chain of title had been fully proved up, and even the legal title had been exhibited to the jury in its full force, it would have been impossible to escape what was the real issue made by the pleadings upon the statute of limitations; for that, at last, was the real question of fact to be determined by the jury from the evidence, and upon that, no doubt, their finding was based. In the statement of facts, it manifestly appears that the defendant in error, and those under whom he claimed, had held possession of the land, adverse and continuous, by cultivating, using and enjoying it, and by other acts of public notoriety, such as the surveying of 1000 acres of the land by the public surveyor, or his authorized deputy, thus publicly announcing the extent of the claim, from the year 1842 to the year 1855, the date of the institution of the suit. Thus the defendant, and his privies in estate, had peaceable, continuous adverse possession of the land, marking and defining its boundaries, publicly and notoriously cultivating, using and enjoying it, without interruption from the adverse claimant by suit, who might have a right of entry, for a period of more than twelve years. If all these facts do not protect the mere naked possessor without title, it is difficult to apprehend the policy of the government, and understand the full import of the statute of limitations, barring a right of entry against the naked possessor after ten years, without actual entry or suit within the ten years. The statute of limitations of ten years does not involve the question of good faith in the naked possessor. The language of the act is positive and unqualified, and the legislation was based, no doubt, upon the policy of compelling those who had a right of entry under title, to take actual possession of their lands, and have the country settled,

at the peril of being ousted by those who would settle the lands and improve the country. It is, then, a mere question of fact as to the adverse possession for that period of time.

With such proof in the case, a jury would be constrained to find for the defendant, however perfect might be the title of the adverse claimant. The judgment is affirmed.

Affirmed.