## DELPHINO, a Mexican, *v.* The State.

1. CONTINUANCE — PRACTICE IN THIS COURT. — Refusal of a continuance will not be revised on appeal unless the transcript brings up a bill of exceptions duly reserved.
2. MISNOMER. — A middle name or initial is not recognized by law, nor is its omission or misrecital a matter of any legal significance, unless it appears that injury resulted therefrom to a different person than the one intended.
3. SAME — VARIANCE. — Indictment for theft alleged the stolen animals to be the property of F. A. Fater; but the proof showed that the middle initial of the owner's name was R.   *Held,* not a variance, but a discrepancy of no legal significance.

APPEAL from the District Court of Guadalupe.   Tried below before the Hon. EVERETT LEWIS.

A term of ten years in the penitentiary was the punishishment assessed against appellant on his conviction for theft of two horses.   The opinion states all necessary facts.

*Ireland & Burges*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J.    Three questions are raised in behalf of the appellant against the legality of the judgment of the court below:— 1, that the court erred in refusing to continue the case on the application of the defendant; 2, that the court erred in hearing proof as to the name of the owner of the property alleged to have been stolen, and 3, in the charge of the court with reference to the name of the owner of the stolen property.    As to the first question presented it is sufficient to say that this court will not revise the ruling of the court below in refusing to grant a continuance unless the question is presented by a proper bill of exceptions reserved at the trial and embodied in the transcript of the record.

The two other grounds complained of may be treated together and may be briefly disposed of.    It is charged in the indictment that the stolen property belonged to F. A. Fater.    The prosecuting witness stated on the trial that his name is F. R. Fater, and not F. A. Fater, and that F. R. stand for Frederick Rudolph in his name.    It will be seen that the whole controversy arose over the middle initial in the name of the injured party.

The law seems to be well settled in this State, however much it may conflict with modern ideas on the subject, that a middle name or initial is not known in law, and is treated as of no consequence whatever, unless it be made to appear that it has worked an injury to a different person than the one designed.    *McKay* v. *Speak*, 8 Texas, 376; *Dixon* v. *State*, 2 Texas Ct. App. 531; *Dodd* v. *State*, id. 58; *Sullivan* v. *State*, 6 Texas Ct. App. 319.

So that it was wholly immaterial whether the middle name or the initial representing it was the one or the other letter or name contended for, it not being shown, or attempted to be shown, that it was calculated to work

any injury to a different person than the one intended. It was wholly immaterial whether it was correctly stated in the indictment or proved at the trial, and any error committed on the trial, whether in admitting testimony or in charging the jury on the subject, would work no injury to the defendant, and would be no ground for reversing the judgment. And whilst it may be conceded that the language of the charge was taken from the case of *Brown* v. *State*, 32 Texas, 125, overruled in *Collins* v. *State*, 43 Texas, 577, as claimed by the defendant's counsel, it nevertheless related to the same inquiry as to what the middle initial represented.

We fail to discover that any error was committed on the trial, which is so presented as that it can be considered by this court, or which deprived the appellant of a fair trial; and finding no such error, the judgment is affirmed.

*Affirmed.*