**TEMPLE LUMBER CO. et al. v. MACKECHNEY et al.** (No. 155–3126.)

(Commission of Appeals of Texas, Section A. March 9, 1921.)

1. Adverse possession ⊂⊃80(2)—Tax deed held a sufficient memorandum of title fixing boundaries of possessor's claim.

Tax deed, describing land as "4,000 acres of land lying and being in Sabine county on the Sabine river, and known as the grant originally made to A.," *held* sufficient, under evidence that there was but one A. league in Sabine county, and that such league was on the Sabine river, and was an original grant containing 5,500 acres, to constitute a memorandum of title, fixing the boundaries of the land claimed by person claiming thereunder to give such person title by adverse possession to all the land in the A. league in Sabine county under Rev. St. 1911, art. 5676.

2. Deeds ⊂⊃114(3)—Description held to pass entire grant notwithstanding acreage specified.

Description of land in deed as "4,000 acres of land lying and being in Sabine county on the banks of the Sabine river and known as the grant originally made to A," would have been sufficient to pass title to the entire grant, even though the grant contained about 5,500 acres.

**3. Deeds ⊕114(2)—Field notes of grant referred to in deed read into deed.**

Field notes of grant referred to in deed would be read into deed.

**4. Deeds ⊕114(3)—Entire tract specified in deed passes, though it exceeds quantity specified in deed.**

Where a specified tract of land is named, the entire tract passes, although it exceeds the quantity mentioned in deed, the deed in such case being sufficient to charge a subsequent purchaser with notice as to the entire tract.

**5. Adverse possession ⊕80(2)—Reasonable certainty only required in fixing boundaries of land.**

A deed is a sufficient memorandum of land claimed for purposes of acquiring title by adverse possession under Rev. St. 1911, art. 5676, if the description would have been sufficient to pass title; reasonable and not absolute certainty being required in fixing the boundaries being required.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Mrs. M. E. Mackechney and others against the Temple Lumber Company and others. Judgment for plaintiffs giving them insufficient relief was reversed by Court of Civil Appeals, and judgment rendered, giving them relief asked for (197 S. W. 744), and defendants bring error. Judgment of Court of Civil Appeals affirmed.

Geo. E. Holland, of Orange, Goodrich, Davis & McWilliams, of Hemphill, Minor & Minor, of Beaumont, for plaintiffs in error.

Oliver J. Todd, of Beaumont, Carter & Walker, and J. P. Anderson, all of Center, and Roy Cousins, of Hemphill, for defendants in error.

SONFIELD, P. J. Action in trespass to try title by Mrs. M. E. Mackechney et al., plaintiffs, against the Temple Lumber Company et al., defendants, to recover title to and possession of the A. W. Canfield Headright league in Sabine county, Tex. Plaintiffs, in addition to the statutory allegations, specially pleaded title in themselves under the 3, 5, and 10 years' statutes of limitation, specially claiming under the 10-year statute in virtue of a memorandum of title, which they asserted fixed the boundaries of the possession to include the entire league. Some of the defendants impleaded their warrantors. The cause was submitted to a jury on special issues; the findings establishing that plaintiffs have held peaceable and adverse possession of all the land in controversy from 1873 to 1904.

The court filed supplemental findings of fact and conclusions of law. The fourth finding of fact by the court is as follows:

"I find that plaintiffs have made the required proof under the statute of limitation of 10 years to entitle them to recover the entire Canfield league, if the tax deed to Gilbert Mackechney fixed the boundaries of their claim as to the entire league, so that their possession might be construed to be coextensive with the boundaries specified in such instrument."

The third conclusion of law by the trial court is as follows:

"I conclude that the description of the tax deed does not fix and specify any boundaries within the meaning of the 10-year statute of limitation, and especially is said tax deed not sufficient to entitle plaintiffs to recover the entire Canfield league under the 10-year statute of limitation, as said tax deed was for taxes due for the years 1848 and 1849, and that the requirement of the act of 1848 was that the assessment rolls should show the amount of land or quantity of acres, and the call of the tax deed for 4,000 acres could not be construed to mean the entire league, when there is over 5,500 acres of land in the A. W. Canfield league, and the tax deed does not show what 4,000 acres of the Canfield league was intended to be sold for taxes for the years 1848 and 1849, and therefore plaintiffs are not entitled to recover the entire Canfield league under the 10-year statute of limitation."

Judgment was rendered for plaintiffs for 160 acres of the league. On appeal, the Court of Civil Appeals held plaintiffs entitled to a recovery of all the land in controversy under the 10-year statute, reversing the judgment of the district court, and rendering judgment in favor of plaintiffs for all of the land in controversy, except certain tracts held by parties claiming under the plaintiffs. 197 S. W. 744.

Upon the trial, plaintiffs introduced in evidence the record of the original grant from the Mexican government to A. W. Canfield. They also introduced the following tax deed:

"State of Texas, County of Sabine.

"Whereas, by assessment made in conformity with law there was due and owing to the state of Texas and county of Sabine from Aurelia Russell the sum of twelve dollars assessed as taxes for the year A. D. 1848 and 1849, upon the taxable property of the said Aurelia Russell and whereas the said Aurelia Russell has failed and refused to pay the same as required by law. Be it known that I, William Mason, assessor and collector of taxes for Sabine county, did on the 10th day of November, A. D. 1849, by virtue of my tax list levy upon the following described land and property of the said Aurelia Russell, to wit: Four thousand acres of land lying and being in Sabine county, on the Sabine river and known as the grant originally made to A. W. Canfield and having given notice of the time and place of selling said land and property in the time and in the manner required by law, did at the courthouse door in Sabine county on the 13th day of December A. D. 1849, offer the same for public sale at public auction as the law directs and there being no person present who would bid said sum for any less quantity of land and property than the whole same was knocked off

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to Gilbert Mackechney he being the only bidder therefor, for the sum of twelve dollars, it being the amount of taxes due thereon, and two dollars and fifty cents costs, and the said Gilbert Mackechney having paid said sum to me. In consideration thereof have this day entered satisfaction of said indebtedness on my tax lists, do hereby grant, alienate and convey unto the said Gilbert Mackechney his heirs and assigns forever: All the right title and interest that the said Aurelia Russell or any person unknown claiming the same had in and to the said land and property at the time of the levy and sale aforesaid. To have and to hold the said land and property to him the said Gilbert Mackechney his heirs and assigns forever free from the claim or claims of all persons whatsoever. Given under my hand and seal this 13th day of December, A. D. 1849."

The deed was duly registered. It was offered and admitted in evidence only as deed under the 5-year statute of limitation, and as a memorandum of title under the 10-year statute. The evidence established that there is but one A. W. Canfield league in Sabine county; that it is on the Sabine river, and is an original grant, containing about 5,500 acres.

The only question for our determination is whether the tax deed, as a memorandum of title, fixes the boundaries of the possessor's claim so as to construe the possession to be coextensive with the boundaries of the league, under article 5676, R. S. 1911. The article provides as follows:

"The peaceable and adverse possession contemplated in the preceding article, as against the person having right of action, shall be construed to embrace not more than one hundred and sixty acres, including the improvements or the number of acres actually inclosed, should the same exceed one hundred and sixty acres; but when such possession is taken and held under some written memorandum of title, other than a deed, which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be coextensive with the boundaries specified in such instrument."

[1] We concur in the conclusion of the Court of Civil Appeals that the description in the tax deed, the memorandum of title under which adverse possession was taken and held, is sufficient under the statute to construe the possession to extend to the league in its entirety. Thus concurring, we do not deem it necessary to enter at length into a discussion of the question.

[2-4] It cannot be doubted that in a deed, either voluntary or involuntary, the description in the memorandum of title herein would be held sufficient to pass title to the entire grant. The field notes of the grant referred to would be read into the deed. The call for quantity would not control the description, but the rule that where a specified tract of land is named, the entire tract passes,

although it exceeds the quantity mentioned, would be applied. The record of such a deed would be sufficient to charge a subsequent purchaser with notice.

[5] We do not think the statute contemplates that the boundaries be fixed in the memorandum of title by a description certain and perfect within itself, but that to such description the same rules of construction will be applied as in determining the sufficiency of the description in a deed to pass title. Reasonable, not absolute, certainty is required in fixing the boundaries.

The evident purpose of the statute requiring a registered memorandum of title in order to constructive possession is to charge the true owner with notice of the adverse possessor's claim. If the description appearing in a deed would be sufficient to charge a subsequent purchaser with notice, it must be held that such description is likewise sufficient to put the true owner on notice of the extent of the claim of the adverse possessor.

Authorities for each of the above-stated propositions are cited in the opinion of the Court of Civil Appeals, and need not be here repeated.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.