**STARKEY v. McNAY.**

No. 10321.

Court of Civil Appeals of Texas. Galveston.

Feb. 18, 1937.

Rehearing Denied March 18, 1937.

James G. Donovan, Wilmot F. Warner, and F. A. Collins, all of Houston, for appellant.

Carothers & Bowers, of Houston, for appellee.

GRAVES, Justice.

The appellee concedes this quoted statement from appellant's brief to be correct, but for further clarity contributes thereto the appended informal sketch, showing the relation of the 1.52 acres in the tract in suit to other related ones:

"The case was tried before the court without a jury, and judgment rendered for the plaintiff.

"Defendant's motion for a new trial having been filed and overruled and due notice of appeal having been given, appeal-bond was filed and approved by the clerk."

The trial court, in support of its judgment, filed these findings of fact and conclusions of law:

"Findings of Fact.

"* * * Both parties, in the trial of the case, claimed under J. O. Ross, Ellen Ross, and the proof offered by both parties showed that plaintiff had title to the land in controversy, unless it was defeated by

Dividing Line between N & S halves of Section

1.52 acres in Controversy. (Burkitt to McNay.)

Red Bluff Road

83.75 acres, Ross to Burkitt.

West Line of Section

Triangle Sold by Ross Properties to Appellant, for 52 acres, but including tract in dispute and a total of 73.4 acres.

South Line of Section

Informal sketch, showing relation of the various

tracts mentioned in the record.

"This was an action by C. B. McNay against L. E. Starkey in trespass to try title to 1.52 acres of land in Section Number Two, Washington County Railway Company Survey, Certificate Number 133, described by metes and bounds in plaintiff's petition and in the judgment.

"Defendant pleaded not guilty and the three, five and ten year statutes of limitations.

the adverse possession of the defendant, who claimed under the statute of three, five and ten years.

"The Court finds that the defendant has not established, by a preponderance of the evidence, his allegations of continuous, adverse, open and notorious possession for ten consecutive years prior to the filing of the present suit. The Court further finds that the defendant has established, by a preponderance of the evidence, his allega-

tions of open, notorious and adverse possession of the land in controversy for more than five consecutive years from 1920 to 1928.

"The Court further finds that the defendant has failed to establish, by a preponderance of the evidence, the fact that he rendered said land and paid taxes thereon for five consecutive years prior to March 8, 1928. That he paid during said time taxes on 52 acres and not on the land in controversy.

"The Court finds that suit was filed in 1922 by J. O. Ross for the same land, and that altho the deed of J. O. Ross to the defendant, under which the defendant claims, having been acquired by the defendant before these suits had been filed, the court finds that the defendant by reason of the filing of said suits had knowledge of the fact that the land in controversy was excess land.

"The Court finds that the land was never rendered or assessed for taxes, and that the tax receipts introduced in evidence disclose a bulk assessment by the defendant and payment by him upon the lands owned by him other than the land in controversy, and that, independently of the intent of the defendant, he did not pay taxes on the excess, being the land in controversy, after knowledge of the true acreage conveyed in his deed had been brought home to him by the suits, to which reference has been made.

"Conclusions of Law.

"It follows, from the facts recited, that the plaintiff has the record title to the property, and that the defendant has failed to establish his pleas of limitation, and that the plaintiff is entitled to recover the land in controversy together with costs of suit."

In this court, after due antecedent procedure, appellant attacks especially the two findings that the appellee had record title to the land, unless defeated by appellant's adverse possession, and that he himself had failed to establish that he had paid taxes on the 1.52 acres for five consecutive years prior to the filing of this suit against him on March 8 of 1928.

After careful consideration of the record, this court sustains both of these positions; the undisputed evidence showed that appellee made no effort to prove title from the sovereignty of the soil, but depended alone upon his claim of having shown common source of title to this tract, down under

J. O. Ross and wife, between appellant and himself, by introducing this series of deeds:

Two deeds from J. O. and Ellen B. Ross to G. W. Burkitt, dated June 3, 1907, and April 6, 1914, respectively; one deed from G. W. Burkitt to the appellee, dated November 24, 1919; and one deed, dated November 26, 1920, to the appellant from the "Ross Properties as same is designated under that certain Declaration of Trust dated Houston, Texas, November 27, 1917, acting by and through J. O. Ross, managing trustee, of Harris County, Texas"; the stated deeds to the appellee covered the tract marked on the sketch as "83.75-acres, Ross to Burkitt," and, while the deed to appellant covered the 73.4-acre tract, as marked on the sketch—the field notes recited it contained only 52 acres—which opposing deeds, as shown by the copied sketch, conflicted to the extent of the 1.52 acres in controversy, labeled on the sketch as "Burkitt to McNay."

■ No conveyance whatever is shown from J. O. and Ellen B. Ross into the appellant's chain of title down under this deed of his from the "Ross Properties," nor does any explanation appear as to how, when, or from whom the "Ross Properties" acquired title to the 1.52 acres at the top of the shown triangle, which his deed from that trust covered; neither is there any evidence whatever tending to show that whatever title the appellee so procured by his deed from Burkitt was in any way superior to the title to the land here involved that appellant got from the "Ross Properties, by J. O. Ross managing trustee"; it results from this undisputed state of facts, under our well-settled authorities, that appellee failed to meet the burden upon him of showing that the two litigants did claim this land from a common source, and that his own title, as emanating therefrom, was superior to that of the appellant. Hovel v. Kaufman (Tex.Com.App.) 280 S.W. 185; Laidacker v. Palmer (Tex. Civ.App.) 210 S.W. 739; Pope v. Witherspoon (Tex.Civ.App.) 231 S.W. 837; Bowlin v. Freeland (Tex.Civ.App.) 289 S.W. 721.

■ The appellee objects to the application to this appeal of the principle the cited cases exemplify, upon the asserted ground that appellant neither made any objection as to there being such an hiatus in the proof upon common source of title upon the trial below, nor in his motion for a new trial; our courts, however, have set-

tled the practice the other way in both details, holding in Skov v. Coffin (Tex. Civ.App.) 137 S.W. 450 (writ of error refused), that such a structural failure to prove title can be taken advantage of on appeal without having been objected to below; and in Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S.W. 593; Stillman v. Hirsch (Tex.Sup.) 99 S.W.(2d) 270; 3 Tex.Jur. 250 (see, also, Rule 27 for Courts of Civil Appeals), that an appellant may assign as error on appeal matters not relied upon in a motion for new trial he has in fact filed, in a cause tried without a jury, in which no motion for a new trial was required.

■ Contra to the quoted findings against the consecutive payment of taxes, this court finds that the appellant, by paying taxes on 52 acres of the Preston survey, that being the acreage called for by his deed from the "Ross Properties," complied fully with the requirement of the five-year statute of limitation with reference to the payment of taxes upon the entire 73.4 acres embraced within the metes and bounds description of such deed, inclusive of the 1.52 acres in controversy; all the other incidents of the five-year statute (Rev.St.1925, art. 5509) were found by the court to have existed in the appellant's favor—that is, his notorious, actual, and adverse possession of the 1.52 acres for more than five consecutive years between 1920, the date of his deed, and 1928, the date of the filing of this suit; these authorities are cited as supporting the conclusion just stated. Temple Lumber Co. v. Mackechney (Tex.Com.App.) 228 S.W. 177; Fleming v. Todd (Tex.Civ.App.) 42 S.W.(2d) 123; Standefer v. Miller (Tex. Civ.App.) 182 S.W. 1149; Henning v. Wren, 32 Tex.Civ.App. 538, 75 S.W. 905; Kinney v. Vinson, 32 Tex. 125, 128; Davis v. Howe (Tex.Com.App.) 213 S.W. 609; Kirby Petroleum Co. v. Houk (Tex.Civ. App.) 51 S.W.(2d) 416, 426; Baker v. Fogle, 110 Tex. 301, 217 S.W. 141, 219 S.W. 450; Roseborough v. Cook, 108 Tex. 364, 194 S.W. 131; Cantagrel v. Von Lupin, 58 Tex. 570, 577; Ammerman v. Bourland (Tex.Civ.App.) 230 S.W. 804.

■ Neither, it is thought, did the coming of knowledge to the appellant as to the excess acreage in his tract about 1922, by the filing of the Ross suits against him, in any way undermine his right to acquire title by limitation to the tract here involved by continuing to pay taxes, as he did, up-

on the 52 acres called for in his deed, although there was actually embraced in the description of it 73.4 acres, because neither such knowledge, nor even good faith upon his part in doing what he did, stood in the way of his acquiring a title as such limitation gave him, so long as he met the statutory requirements. Kirby Petroleum Co. v. Houk (Tex.Civ.App.) 51 S.W.(2d) 416, 426. To the same effect are Kinney v. Vinson, 32 Tex. 125, 128, and Davis v. Howe (Tex.Com.App.) 213 S.W. 609.

Indeed, the able counsel for the appellee cites only one case in support of the trial court's holding upon this point, that is, Bassett v. Martin, 83 Tex. 339, 18 S.W. 587, his contention being that appellant's payment of taxes on 52 acres—the number called for in his deed—was not sufficient as a payment of taxes on the land in controversy, because it would be conclusively presumed to have been intended to apply only on the acres not in controversy; but it is thought the question here presented was not involved in that case, for the reason that the metes and bounds description in that instance did not include the disputed land, whereas in this case it did.

Without further discussion, it follows from these conclusions that the judgment of the learned trial court should be reversed and the cause here rendered in appellant's favor; it will be so ordered.

Reversed and rendered.