McCULLOH v. REYNOLDS MORTGAGE CO.
(No. 8469.)

(Court of Civil Appeals of Texas. Ft. Worth. June 2, 1917.)

1. TRIAL ☞213—INSTRUCTIONS—REQUESTS.
Requested instruction, calling for finding whether the contract was breached, calls for answer to a question of law, rather than of fact; many and various breaches being alleged.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 480.]

2. TRIAL ☞191(1)—INSTRUCTIONS—REQUESTS —ASSUMING FACTS.
A requested instruction, assuming as a fact a thing in issue under the pleadings and evidence, is bad.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420, 421, 435.]

3. CONTRACTS ☞322(3)—EVIDENCE—BREACH.
Evidence, in action for breach of contract to furnish money to be loaned, that at the time and place demand for loans was "keen" does not show that plaintiff could have loaned the money on the conditions as to nature of security required by the contract.
[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1534.]

4. TRIAL ☞255(1) — INSTRUCTIONS — NECESSITY FOR REQUESTS.
Mere failure of instruction to define a party's duties requires a request for an instruction covering the omission.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–629.]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by G. T. McCulloh against the Reynolds Mortgage Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. W. Moffett and Eugene De Bogory, both of Abilene, for appellant. J. M. Wagstaff, of Abilene, and Samuels & Brown, of Ft. Worth, for appellee.

CONNER, C. J. Appellant instituted this suit against the appellee for damages arising out of an alleged breach of a contract of the following tenor, to wit: Appellant alleged that the appellee was engaged in the business of loaning money upon real estate with its principal office in Ft. Worth, Tex.; that appellant at the time of entering into the contract was a resident citizen of Haskell county, and that appellee agreed with appellant that if he, appellant, would move to the city of Abilene, appellant should have the agency of the company in the counties of Taylor, Callahan, Nolan, Fisher, north one-half of Runnels and the south one-half of Jones at an agreed commission of 2 per cent. to be paid by appellee upon all loans secured; that appellee represented through its agent who entered into the contract, C. T. Burns; that the appellee company had about the sum of $10,000,000 that it expected to loan within a district composed of some 54 counties, of which the territory assigned to appellant was a part; that it was agreed that appellant should have his proper proportion of said amount to loan; and that his employment should continue until the money was all gone. It was alleged that pursuant to the contract appellant had moved to Abilene at an expense specified in the petition; that he had duly entered upon the terms of his employment, and had made numerous loans; that upon loans actually made by him, the appellee had paid the commissions as specified in the contract, but that on numerous other loans specified in the petition appellee

had failed to promptly inspect the lands as had been specially agreed upon, whereby he was damaged; that numerous loans, specified in the petition, had been accepted, but because of delay on appellee's part the applicants had later taken loans out elsewhere, by reason of which the appellant had been damaged; that in other instances the appellant had delivered to the appellee applications for loans, also specified in the petition, in a large amount which the appellee had failed and refused to inspect; that appellee had failed to furnish and deliver, as agreed upon, blank forms of applications for loans, without which he was unable to make loans as desired, and whereby he was prevented from making certain loans, also specified in the petition; and that finally appellee wholly breached the contract by refusing to make loans, etc. There are numerous other allegations in the petition, but we think what we have stated will be sufficient for an understanding of our disposition of the case. The defendant answered by general and special exceptions and a general denial, and the cause was submitted to a jury upon special issues. Upon the verdict as returned, judgment was entered for appellee. Hence this appeal.

The court submitted but two special issues, the first of which, in substance, was whether certain loans specified in the plaintiff's petition, and which the plaintiff alleged had been accepted by the defendant, had been lost by the negligence or unnecessary delay of the defendant in closing up the loans. To this the jury answered, in substance, that none of such loans had been so lost. The second issue was whether certain other loans specified in the plaintiff's petition had been lost because of the defendant's failure to inspect them, as alleged. The verdict was for the defendant on this issue also.

The sufficiency of the evidence to support the verdict of the jury in the respects noted is not questioned by any assignment of error, and we need not, therefore, further notice the allegations of the petition or the evidence in the case relating to these issues.

Appellant first urges error in the action of the court in refusing the following special charge:

"Gentlemen of the jury, if you believe by a preponderance of the evidence in this cause that the plaintiff and defendant entered into a contract as alleged by plaintiff, by the terms of which defendant employed plaintiff as its loan agent at Abilene, Tex., with the following territory in which to operate and carry on said loan business, to wit: Counties of Taylor, Callahan, Fisher, Nolan, and the south half of Jones and the north half of Runnels counties, in the state of Texas, and if you further believe that defendant represented to plaintiff at the time that it had to loan, and would loan out, $8,500,000 in 54 counties in Texas, and that said above 5 counties were the best, and above the average of said 54 counties, and that the defendant contracted with plaintiff that he should have his proportionate part of said $8,500,000 to be loaned in said 5 counties; if you so believe and find, then you will answer the following questions:

"No. 1. Was said contract breached? Ans. ......

"No. 2. What amount of money allotted to plaintiff remained unloaned at the time of the breach, if any? Ans. ......

"No. 3. Was it reasonably probable that plaintiff could and would have loaned out the remaining portion of the money so allotted to him remaining unloaned within a reasonable length of time? Ans. ......"

[1, 2] We are of opinion that the assignment must be overruled. Among other things, it will be noted that the charge embraces three distinct and separate issues, and that the first comprehends all of the numerous violations of the contract alleged, and calls for an answer to a question of law rather than of fact. The third is on the weight of the evidence in assuming that any part of the moneys alleged to have been set apart for the purpose by appellee had been "allotted to the plaintiff. The defendant denied, and supported the denial with specific testimony, that any sum had been allotted to the plaintiff, as alleged. The second issue embodied in the special charge is wholly immaterial in the absence of a specific finding that the appellee had agreed to allot to appellant a specified sum of money to loan.

[3] Appellant's second assignment is as follows:

"Because the court erred in excluding the testimony of E. B. Bynum wherein said Bynum would have testified that there was a keen demand for money in the territory allotted to appellant by appellee during the time that appellant was soliciting loans and at the present time and at all times intermediate, and that appellant could, with reasonable effort, have loaned out $890,000 within a reasonable time upon the terms and conditions required by appellee on good lands coming to the average with what the appellee had heretofore accepted, all of which was duly excepted to by appellant as shown by his bill of exception No. 1 (being the fourth ground in plaintiff's motion for a new trial. Tr. 37)."

The evidence of the witness Bynum, as shown in the bill of exception taken at the time, is to the effect that the demand for loans of money in the territory assigned to the plaintiff during the period covered by his action was "keen," and that he, the witness, who was also engaged in the loan business, was unable to supply the demand during said time. It will be thus seen that the assignment is not supported by the bill of exception. The evidence of the witness may tend to show that the appellant could, with reasonable effort, have loaned out the amount of money specified in the assignment, but it wholly fails to support the conclusion that such sum could have been so loaned upon the "terms and condition required by appellee on good lands coming to the average with what the appellee had heretofore accepted." Moreover, no issue to this effect was given by the court or requested by appellant; and, in the absence of a finding to the effect that such sum could have been loaned with reasonable effort and within reasonable time upon good lands, of good title, and filling the other terms and conditions required by

appellee, the fact that there was a keen demand for money in the territory, and that the witness was unable on his part to supply such a demand, is immaterial. In other words, if it be admitted as established that there was a large demand for money at the time, it would be necessary for appellant to further show, before he would be entitled to recover commission upon loans not made, that he could have so made loans upon the very terms and conditions required by the appellee and assented to by appellant. We are therefore of the opinion that no reversible error can be predicated upon the second assignment.

[4] We find no error in the court's charge, as urged in the third assignment. The particular in which the charge is vague is not pointed out, nor is it apparent, and if deficient in omitting to define plaintiff's duties as agent, the deficiency should have been supplied by an appropriate charge requested, and this was not done. Nor is there room for a contention under the evidence that the defendant was bound to accept an application for a loan unaccompanied by an abstract of title, and the mere fact that it was not specifically alleged that it was plaintiff's duty to so furnish abstracts does not render the charge erroneous in imposing such duty. This was part of the plaintiff's case covered by the general denial.

The fourth and last assignment is sufficiently disposed of by what we have already said.

We conclude that all assignments of error must be overruled, and the judgment affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes