## SHULL & CHIPPS ABSTRACT COMPANY, Respondent, v. J. G. SCHNEIDER, Appellant.

In the Kansas City Court of Appeals, November 5, 1923.

1. **INSTRUCTIONS: Assuming Facts: An Instruction Assuming Particular Contract Was Entered into When There Was Evidence Contract Was of a Different Nature, Held Erroneous.** In a suit on a contract whereby defendant, the assignee of a fire policy, under which a loss has occurred, was to endorse a draft to plaintiff covering the amount thereof and plaintiff was to pay the balance due for repairs and furnish a bond to protect property against liens, an instruction to find for plaintiff if jury believed plaintiff's version of the contract set forth in the instruction to be true, and that defendant refused to endorse the draft "as he had agreed to do," held erroneous as assuming defendant entered into the contract as alleged in the petition when such fact was disputed.

2. ———: ———: **Instruction May not Assume as a Fact Any Disputed Point.** An instruction may not assume as a fact any disputed point.

Appeal from Circuit Court of Buchanan County.—*Hon. Thos. B. Allen,* Judge.

REVERSED AND REMANDED.

*Shull & Shull* for respondent.

*Strop & Silver* and *Chas. H. Mayer* for appellant.

ARNOLD, J.—This is a suit on a contract whereby plaintiff seeks to recover from defendant damages in the sum of $850 and interest. The petition is in two counts, the first, after alleging the corporate existence of plaintiff, states that in December, 1917, one Ada Gurwell was the owner of certain real estate in the city of St. Joseph, Mo., and that defendant had loaned her a certain sum of money, and as security therefor had accepted a deed of trust on said real estate and as additional security the owner had assigned to defendant a certain policy of fire insurance covering the house situated on said real estate; that thereafter the building so insured was damaged by fire in the sum of $850. That at the time of said fire plaintiff was the agent of the issuing insurance company and a draft for $850 to cover the amount of damage agreed upon was sent to plaintiff for delivery to defendant, Ada H. Gurwell and one M. M. Turner—all having been named as payees in the draft. Further it is alleged that plaintiff held a second deed of trust on said house to secure a loan which had been made by plaintiff, but the note evidencing said indebtedness was made payable to the said M. M. Turner; that pending settlement of the insurance, the house had been repaired and that after said draft had been received by plaintiff, a contract was entered into between plaintiff and defendant by which it was agreed that if plaintiff would pay the balance due for said repairs and furnish a bond to protect said real estate against any liens of materialmen, contractors and laborers, defendant would endorse said draft to plaintiff;

that plaintiff paid for said repairs and tendered to defendant said bond, but that defendant failed and refused to endorse said draft and plaintiff was unable to collect the $850.

The second count is the same as the first, except that it states the contract with defendant was made between defendant and Shull & Chipps, a partnership composed of A. P. Shull and Scott Chipps; that said partnership had paid the balance due for said repairs and tendered bond to defendant, and that said partnership had assigned to plaintiff herein all rights of said partnership against defendant arising out of the alleged breach of contract by defendant.

The answer was a general denial. Under the pleadings thus made the cause went to trial to a jury. The verdict was for plaintiff on the first count in the sum of $850 and interest from April 29, 1917, at six per cent. making a total of $1133.19. The jury found for defendant on the second count. A motion for a new trial filed by defendant was overruled and judgment was entered in accordance with the verdict. Defendant appeals.

It is first charged in support of the appeal that the court erred in giving instruction No. 2 for plaintiff, which purported to cover the entire case and directed a verdict. The principal charge against this instruction is that it assumed as a fact a point in dispute, to-wit, that plaintiff and defendant had entered into the contract sued on, as alleged in the petition. The part of the instruction of which this complaint is made reads:

"That thereupon an agreement was made between plaintiff and defendant that plaintiff should have a bond executed by said Gurwell with A. P. Shull and Scott Chipps as, sureties, indemnifying defendant against loss by reason of liens that might be existing in favor of laborers or materialmen, and that then plaintiff should pay the sums demanded as aforesaid and that the plaintiff should thereafter present said draft to the defendant

and the defendant would indorse same over to plaintiff. That said bond was prepared and executed as agreed on —that plaintiff did pay said monies demanded—that said draft was presented to defendant and he refused to indorse same as he had agreed to do and that plaintiff could not and did not collect said draft nor any part thereof and has not been paid anything by way of reimbursing them for the monies by plaintiff paid out as aforesaid, then your verdict must be for plaintiff upon the first count of its petition, and should the jury find for plaintiff on said first count, then they must find for the defendant on the second count of the petition.''

We think the charge of error against said instruction well founded. Plaintiff's witness, A. P. Shull, testified to the version of the contract as alleged in the petition and stated the contract was made over the telephone with one Mrs. Chipps (admitted to have been defendant's secretary and authorized to enter into contracts for defendant similar to the one here in controversy), to the effect that if plaintiff would furnish the indemnifying bond against loss by reason of liens that might be existing in favor of contractors, laborers and materialmen, and pay the sum demanded for repairs, then defendant would indorse the draft. The testimony of Mrs. Chipps, the other party to the alleged agreement, is to the effect that Mr. Shull called over the telephone and asked for Mr. Schneider, the defendant; that she informed him that defendant was out of town and asked what she could do for him and that ''he told me that there had been a fire, up, I think, at 605 Hall street, and that was the first I had ever heard of the fire. Then he said the damage had all been repaired and that he wanted to make a settlement on it, and I told him that he would have to—I asked him if the property had been repaired and the damage, all the damage done to the property had been repaired so the property was in good condition as when we had it, and he said 'Yes, that had been done.' I said, 'well, if that has been done, then all we will need is a bond to

protect us against any liens being filed on account of labor or material.' I did not know what the damage was. I did not know until he told me to what extent it had been damaged or did I know to what extent it had been repaired, and when I told him—I told him we would have to examine the property to see if it had been put back in as good condition as before and if it had, which he told me that it had been, but I did not know it, and I had no opportunity to verify his statement—I presumed if that had been done that they would have to furnish us a bond to protect us against mechanics' liens or liens for material, and after these two requirements, which are our usual requirements, had been complied with, why, Mr. Schneider would sign the draft.''

It will be readily seen that these two witnesses give very different versions of the contract, Mrs. Chipps flatly denying that the contract as alleged in the petition was the one, in fact, entered into, and that no agreement had been made for defendant to endorse the draft in question until after the property had been examined and it was seen that it had been put back in as good condition as before. Whether or not, therefore, the contract alleged in the petition had been entered into between the parties was a disputed point. We think the instruction of which complaint is made assumes that defendant entered into the contract as alleged in the petition, and that this assumption was error.

Plaintiff insists that the instruction is proper for the reason that the clause ''as he had agreed to do'' refers only to the fact that defendant had agreed to endorse the draft. This position is not tenable for the reason that the instruction refers only to plaintiff's version of the contract and does not require the jury to find which of the two versions is correct.

That an instruction may not assume as a fact any disputed point in a case is elementary law, and citations in support of this rule should not be necessary. If, however, there is any doubt about it, reference may be

had to the following cases: Laughlin v. Gorman, 239 S. W. (Mo. App.) 549; Ross-Saskatoon Lumber, etc., Co. v. Turner, etc., Co., 253 S. W. (Mo. App.) 119; Martin v. Woodlea Inv. Co., 206 Mo. App. 34, 226 S. W. 650; Arkla Lumber & Mfg. Co. v. Quellmalz Lumber, etc., Co., 252 S. W. 961 (Mo.). Charges of error against other instructions we do not deem necessary to discuss at this time, inasmuch as they may not appear in another trial of the case. Because of the error already noted in instruction No. 2 for plaintiff, the judgment is reversed and the cause remanded for a new trial.

All concur.