HARRY SOULE, RESPONDENT, v. ST. JOSEPH RAILWAY, LIGHT, HEAT
& POWER CO., APPELLANT.

Kansas City Court of Appeals.   June 29, 1925.

**1.—Corporations—Master and Servant—Statute Requiring Employer to Issue Service Letter to Employee Construed.** Section 9780, Revised Statutes 1919, requiring corporation to issue service letter upon request to employee leaving service, does not require that request be made to superintendent or manager and makes no specific requirements as to whom request shall be made, but does specify the officer, or officers, of corporation whose duty it shall be to issue same.

**2.—Same—Same—Employer Issuing Service Letter, Failing to Meet Statutory Requirements, Estopped from Denying That Proper Request Therefor Was Made.** In an action for damages by former employee against employer for refusal to give plaintiff, upon request by him, a service letter, as required by section 9780, Revised Statutes 1919, employer having issued letter failing to meet statutory requirements, held estopped from denying that proper request was made.

**3.—Instructions—Instruction Held Not Erroneous as Assuming Facts.** In action for damages, under section 9780, Revised Statutes 1919, by former employee against corporation for failure of its superintendent or manager to issue to him a service letter upon request, an instruction for plaintiff held not erroneous as assuming that certain person was defendant's superintendent, where evidence showed conclusively that he was superintendent of railway department of defendant, in which branch of defendant's business plaintiff was employed.

**4.—Same—Instruction Not Erroneous as Assuming Fact.** In an action under section 9780, Revised Statutes 1919, against employer by former employee for damages for refusal to issue service letter on request, an instruction is held not to assume that plaintiff was unable to obtain other employment by reason of refusal of defendant to give him the statutory letter.

**5.—Same—Refusal to Give Instruction Limiting Plaintiff to Recovery of Nominal damages Held Error.** In an action for damages for failure to give plaintiff a statutory service letter, where there was no evidence tending to show that refusal to give letter had anything to do with failure of plaintiff to obtain employment, an instruction that plaintiff's recovery should be limited to merely nominal damages should have been given.

**6.—Corporations: Master and Servant; Exclusion of Evidence That Service Letter Would Not Have Been of Any Value to Employee, Held Proper Where Statute Requiring Same Was Mandatory.** Exclusion of evidence offered by defendant to prove the nature and character of services rendered by plaintiff to defendant and the cause of quitting that service, as tending to show service letter would not have been of any actual value or benefit to plaintiff, held proper; statute being mandatory and question not having been raised by the pleadings.

---

*Corpus Juris-Cyc References: Master and Servant, 39CJ, p. 90, n. 88; p. 91, n. 92 New. Trial, 38Cyc, p. 1663, n. 21 New; p. 1703, n. 75.

Appeal from the Circuit Court of Buchanan County.—Hon. L. A. Vories, Judge.

REVERSED AND REMANDED.

220 Mo. App.—32.

*Chas. H. Mayer* and *Floyd M. Sprague* for appellant.

*A. J. Bielby* and *W. T. Meikle* for respondent.

ARNOLD, J.—This is an action for damages based upon the alleged refusal of defendant to give plaintiff a service letter as required by section 9780, Revised Statutes 1919. Defendant is a corporation engaged in operating a street railway and other public service in the city of St. Joseph, Missouri. Plaintiff entered the employ of defendant on July 15, 1918, as a motorman in the operation of a street car, and continued as such employee until September 12, 1921, at which time, as stated in the petition, plaintiff's services with defendant ceased.

On December 14, 1921, plaintiff requested of defendant a service letter "setting forth the nature and character of the service rendered by plaintiff to such company and the nature and duration thereof, and truly stating for what cause, if any, such employee has quit such service." This request is shown to have been made to one Fred Henderson, superintendent of the street railway department of defendant company. It is in evidence that it was the duty of Henderson, at least in part, to employ and discharge employees of the company, and that he had charge of the men in that department of whom plaintiff was one. When the request by plaintiff was made to Henderson for the service letter, Henderson asked plaintiff to be seated, left the room and in a few minutes returned and said to plaintiff that Mr. Koss "would fix him up shortly," or words to that effect. The evidence shows that Mr. Koss, in a few moments, handed plaintiff the following letter:

"St. Joseph Railway, Light, Heat & Power Company,
        St. Joseph, Mo. December 14, 1921.
"To Whom it May Concern:

"The bearer of this letter, Mr. Harry A. Soule, whose signature appears below, worked for this Company as motorman from July 15, 1918 to September 12, 1921.

        "(Signed)        O. F. Koss,
"Harry A. Soule.        "Supt. of Transportation."

Plaintiff testified that in seeking employment, he presented said letter to several persons and failed to secure employment but he does not say directly that such failure at any of these places was due to the character of the letter above set out. Plaintiff testified he was not satisfied with the letter, that he saw Mr. Koss relative to it and that Mr. Koss told him that said letter was all that he would give him; that no complaint about the letter was made to Henderson.

Plaintiff testified he had presented the letter to one C. A. Kohrman, a butcher, who had a vacancy as a driver; that a driver had notified

Kohrman he was going to quit; that Kohrman, when shown the letter, had remarked: "That don't say as much about you as I know about you now." However, Kohrman testified he never had seen the letter and that the application was made. after he had hired someone for the job about to be vacated. Plaintiff's testimony further shows that he presented the letter to another butcher "on the avenue," and told him he would like to have the job with him then vacant as a driver; that he did not secure the employment; that he never had presented the letter to any corporation in his efforts to secure employment. That "after these two merchants had dealings with men that had adequate service letters and so on they laughed at me, I thought I wouldn't make a fool of myself talking to a man that knew what to expect from a man, so I never presented it to a corporation."

Plaintiff stated his salary with defendant was $145 per month when he worked all the time. On having his memory refreshed by his counsel, plaintiff testified that he applied to the Oklahoma Producing & Refining Company for a position, but failed to secure it. He does not say that he presented the letter in connection with this application, nor that the letter was in any way instrumental in his failure to secure the position sought. He further testified that he secured employment with the Wylie Mer. Co.; that in securing this position he did not present the letter in question because he "was afraid they might call the company up." He worked for the Wylie company about seven weeks at which time he was discharged because his employer "was not satisfied," and that this was the only reason given for his discharge.

Defendant's testimony chiefly was directed toward a showing that plaintiff's services with the company were highly unsatisfactory, leading strongly to the inference .that plaintiff was discharged for this reason and that a letter in strict conformity with the requirements of the statute could have been no benefit to plaintiff in securing employment.

The petition alleges that because of the refusal of defendant to give plaintiff the service letter required by the statute he has been unable to secure employment from other corporations and individuals; that he was able to earn $145 to $150 per month as a motorman with defendant, and that by reason of the company's refusal to give him the service letter required by the statute, he was unable to secure employment in that line of work, and that said refusal was willful.

The answer admits defendant's corporate status and that plaintiff was one of its former employees; that he was discharged about the date named in the petition, and denies all other allegations of the petition. The trial was to a jury, resulting in a verdict for plaintiff in the sum of $300. Motions for new trial and in arrest of judgment were unavailing and defendant appeals.

Appellant charges the court erred in refusing defendant's instruction in the nature of a demurrer to the evidence, and in support of this charge declares there was no evidence to sustain a finding that plaintiff requested a letter of the superintendent, or manager of defendant corporation. It is argued that the statute (section 9780) requires that such application be made to the superintendent, or manager, The section referred to reads as follows:

"Whenever any employee of any corporation doing business in this State shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the request of such employee (if such employee shall have been in the service of said corporation for a period of at least ninety days), to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or imprisonment in the county jail for a period not exceeding one year, or both such fine and imprisonment."

A careful reading of the statute fails to support defendant's contention in this respect. The statute is penal and the issuance of the letter upon request is mandatory upon the superintendent or manager. It is admitted that plaintiff made request for such letter to Mr. Henderson, superintendent of the railway department of defendant and that Henderson directed that the letter be issued. The statute requires that such letter shall set forth "the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service."

That the letter given plaintiff failed to meet these requirements is obvious. We hold the statute makes no specific requirements as to whom the request for a letter shall be made, but does specify the officer, or officers, of the corporation whose duty it shall be to issue the same. Moreover, defendant issued a letter upon the request of plaintiff and is therefore estopped from denying that a proper request was made. That the letter given fails to meet the statutory requirements is beyond question.

There is evidence that plaintiff expressed himself as not satisfied with the letter and requested another and proper one, but his request was refused. We therefore hold that there was a sufficient request for a statutory letter and to the proper party. This carries with it

a ruling against defendant's contention that plaintiff's instruction No. 4 is erroneous because there was no evidence that Henderson was defendant's superintendent. The evidence shows conclusively that Henderson was superintendent of the railway department of the defendant company which, as the corporate name would indicate, was engaged in the railway, light, heat and power business, and that the railway business was only one of defendant's activities. Mr. Henderson testified that he was superintendent of the railway branch of the enterprise and that plaintiff was employed in this branch of defendant's business. There can be no question about this, and we rule that the instruction is not erroneous in the respect charged.

Further defendant declares plaintiff's instruction No. 2 was erroneous because it purported to cover the whole case and directed a verdict, and that it assumed as a fact that plaintiff was unable to obtain other employment by reason of the refusal of defendant to give him the statutory letter. This instruction reads:

"The court instructs the jury that if you find and believe from the evidence that the plaintiff requested a letter as set out in instruction No. 1 and if you further find that the defendant corporation failed or refused to issue the letter as referred to in instruction No. 1 and under conditions set forth in said instruction No. 1, then you will find for the plaintiff in nominal damages and such actual or other damages as you may believe from the evidence that plaintiff has sustained, if you so find, as a result of such failure or refusal, on account of inability to or difficulty in obtaining other employment."

The instruction on its face is a complete refutation of the charge directed against it. It requires a finding of facts covering each element of the instruction and assumes none. We hold against defendant on this point. This ruling is in conformity with, and not contrary to, the decisions in Shull & Chipps Abst. Co. v. Schneider, 258 S. W. 449; Kibble v. Ragland, 263 S. W. 507; Missouri Disc. Corp. v. Mitchell, 261 S. W. 743; Arkla Lumber Co. v. Lumber Co., 252 S. W. (Mo.) 961.

It is also charged the court erred in refusing to give defendant's instruction "C" which is as follows: "The court instructs the jury that even if you find your verdict for the plaintiff, under no circumstances can you allow him any substantial damages; but on the contrary, plaintiff is not entitled under any circumstances, under the law and the evidence in this case, to recover more than nominal damages." It is urged there was no evidence of any actual damage resulting from the refusal of his demand for the statutory service letter, and that if plaintiff could recover at all, his recovery should be limited to merely nominal damages.

There is no testimony tending to show that the failure to give the statutory letter had anything to do with the failure of plaintiff to

obtain employment. It is true that he exhibited the letter given him to persons who did not employ him but the record fails to disclose any evidence that any such person refused to employ him on account of the fact that the letter did not show that he left defendant's employment under circumstances that showed no dereliction of duty on his part. To say that he was refused employment because he was not given the letter from defendant to which he was entitled would be indulging in mere speculation and a verdict based on speculation cannot stand. Defendant's instruction "C" should have been given, and its refusal was error.

Finally it is urged the court erred in excluding evidence offered by defendant tending to prove the nature and character of the services rendered by plaintiff to defendant, embracing the cause for his quitting defendant's service. In support of this charge it is insisted that such testimony was germane to the issues as tending to show whether or not a statutory service letter, showing the character of plaintiff's services to defendant and the cause of his quitting that service, would have been of any actual value or benefit to plaintiff.

As stated above, the statute is mandatory, and it was not within the province of defendant to determine the effect of such a letter upon plaintiff's efforts to secure employment. Moreover, there is no such question in the pleadings. We hold the trial court may not be convicted of error in excluding the evidence for the purpose for which it was offered. Defendant cites, in support of a general rule as applied to its position in this respect, the case of Railway Co. v. Fitzmartin, 136 Pac. (Okla.) 764. An examination of this opinion fails to show that it has any bearing on this point.

For reasons above stated the judgment is reversed and the cause remanded. *Bland, J.*, concurs; *Trimble, P. J.*, absent.