**TURNER et al. v. DINWIDDIE et al.**
**(No. 8.)**

(Court of Civil Appeals of Texas. Eastland.
Oct. 9, 1925. Rehearing Denied
Oct. 26, 1925.)

**1. Adverse possession ☞89 — Finding of adverse possession not sustained, where payment of taxes not proved.**

Finding as to adverse possession under five-year statute cannot be sustained, where there was no proof of payment of taxes before they were delinquent for five consecutive years before suit.

**2. Trusts ☞86—Presumption that payment of consideration by father and conveyance to child was gift held rebuttable.**

Presumption that where consideration is paid by parent and conveyance is made to child that there was gift or advancement may be overcome by proof that it was intention that child should hold property in trust.

**3. Evidence ☞390(1)—When parol evidence inadmissible to contradict recitals of contractual nature stated.**

In absence of fraud, mistake, etc., parol evidence is not admissible on behalf of parties to deed to contradict its recitals of a contractual nature.

**4. Fraudulent conveyances ☞176(3)—Neither grantor nor heirs permitted to ingraft trust in deed in fraud of creditors.**

Neither grantor of deed executed in fraud of creditors nor his heirs are permitted to ingraft on such deed trust in favor of grantor.

**5. Trusts ☞86—Burden is on party claiming trust on absolute conveyance.**

In effort to ingraft trust on absolute conveyance, burden is on party claiming trust.

**6. Trusts ☞365(4)—Mere lapse of time will not bar resulting or implied trust, where trust relation admitted.**

Where trust relation is admitted, mere lapse of time will not bar a resulting or implied trust.

**7. Trusts ☞373—Whether deed intended to vest title in daughter or create trust for father held for jury.**

In view of evidence that party contributing consideration had possession of premises ever since deed was executed to his daughter, and that he with her consent dealt with it as his own and appropriated rents and revenues to his own use, and part of time rendered property in his own name for taxes, there was an issue of fact as to whether deed was intended to vest title absolutely in daughter or that she hold same in trust for father.

**8. Trial ☞352(5)—Submission of special issue assuming fact held erroneous.**

Where there was issue of fact as to whether father intended title to land to vest absolutely in daughter or that she hold same in trust, it was reversible error to submit special issue as to whether county clerk in recording deed recorded name of grantee as that of daughter, instead of that of father, charge assuming that daughter was grantee.

**9. Trial ☞352(5)—Special issue assuming as proven controverted issue in case is on weight of evidence.**

While giving of leading question in submission of special issue is not error, a special issue which assumes as proven a controverted issue in the case is on the weight of the evidence.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Trespass to try title by T. D. Turner and others against E. N. Dinwiddie and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

Conner & McRae, of Eastland, for plaintiffs in error.

PANNILL, C. J. This is an action to try title. The parties will be designated as in the trial court. The defendants are E. N. Dinwiddie and Mrs. J. T. Urban, who was formerly Miss E. M. Dinwiddie. This litigation grew out of the controversy over a deed executed by J. C. Watkins and wife, dated February 3, 1914. Plaintiffs claim that said deed was executed to E. N. Dinwiddie as grantee and deraigned title under an execution sale against him. Defendants claim that said conveyance was to E. M. Dinwiddie, now Mrs. Urban, as grantee.

In answer to special issues submitted under the pleadings, the jury found (1) that said deed was executed to E. M. Dinwiddie as grantee, and that the record of said deed showing E. N. Dinwiddie as grantee was due to an error in recording; (2) adverse possession in Mrs. Urban under five years' statute of limitations; (3) that E. N. Dinwiddie received from Mrs. Urban's mother after divorce sums of money from time to time for the use and benefit of Mrs. Urban; (4) that it was not the purpose and intention of E. N. Dinwiddie to have said property deeded to his daughter as a gift, and that it was not his intention to have no claim of interest in the property thereafter.

No issue was submitted as to whether the father intended that the deed in question was to vest absolute title in his daughter at the time it was executed. The evidence is uncontradicted that E. N. Dinwiddie paid the consideration for such deed.

[1] The judgment for the defendant Mrs. Urban cannot be upheld under the findings of the jury as to adverse possession under the five years' statute. It is doubtful whether there was an issue as to limitation in the case, but, conceding that this question was raised, there was no proof of the payment of taxes before the same were delinquent for

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

five consecutive years prior to the bringing of the suit. Houston Oil Co. of Texas v. Jordan (Tex. Com. App.) 231 S. W. 320; Baker v. Fogle, 110 Tex. 301, 217 S. W. 141, 219 S. W. 450; Brownfield v. Brabson et al. (Tex. Civ. App.) 231 S. W. 491; Ammerman et al. v. Bourland (Tex. Civ. App.) 230 S. W. 804.

[2] It is believed that the controlling issues in this case are as to whether the deed in question was executed originally to E. M. Dinwiddie as grantee, and, if it was, as to whether it was the intention of E. N. Dinwiddie to vest title in his daughter absolutely, or whether she held the title in trust for him.

The authorities seem to be uniform in support of the proposition that where the consideration is paid by a parent and a conveyance is made to a child, it is presumed that there is a gift or advancement. This presumption may be overcome by proof that it was the intention that the child should hold the property in trust. Shepherd v. White, 10 Tex. 72; Smith v. Brown, 66 Tex. 543, 1 S. W. 573. Parol evidence is admissible for such purpose.

[3, 4] These cases do not contravene the rule that in the absence of fraud, mistake, etc., parol evidence is not admissible, on behalf of the parties to a deed to contradict its recitals of a contractual nature, nor do these cases conflict with the further rule, that neither the grantor of a deed executed in fraud of his creditors, nor his heirs are permitted to ingraft upon such a deed a trust in favor of the grantor. Strickland v. Baugh (Tex. Civ. App.) 169 S. W. 181, and authorities cited.

[5] In an effort to ingraft a trust on an absolute conveyance, the burden is on the parties claiming the trust. 39 Cyc. title "Trusts," p. 163, and authorities cited; Pomeroy's Equity (4th Ed.) §§ 1039–1040, 1041.

[6] Where the trust relation is admitted, mere lapse of time will not bar a resulting or implied trust. Cole v. Noble, 63 Tex. 432; Strickland v. Baugh et al. (Tex. Civ. App.) 169 S. W. 181.

[7] In view of the evidence submitted that E. N. Dinwiddie, who also went by the name of E. Dinwiddie, has had possession of the premises ever since the deed in question was executed, such possession continuing since Mrs. Urban's marriage, that he, with her consent, dealt with the property as his own and appropriated practically the entire rents and revenues to his own use, made rental contracts in his own name, part of the time rendered the property in his own name for taxes, there is an issue of fact as to whether at the time said deed was executed the father intended to vest title absolutely in his daughter, or that she holds same in trust for him. Hawley v. Geer (Tex. Sup.) 17 S. W. 914; Koppelmann et al. v. Koppelmann et al., 94 Tex. 40, 57 S. W. 570.

[8, 9] We have concluded that there was a question of fact as to who was the grantee in said deed at the time it was executed, and that the case must be reversed on account of the submission at the request of the defendants of the following special issue:

"Did the county clerk of Eastland county in recording the deed from J. C. Watkins and wife to E. M. Dinwiddie, introduced in evidence in this case, err in recording the name of the grantee as E. N. Dinwiddie, when he should have recorded it as E. M. Dinwiddie?"

This charge clearly assumes that E. M. Dinwiddie was the grantee in said deed at the time it was executed. While the giving of a leading question in the submission of a special issue is not error, a special issue, which assumes as proven a controverted issue in the case, is on the weight of the evidence. Chicago, R. I. & G. Ry. Co. v. Smith (Tex. Civ. App.) 197 S. W. 614. McCulloh v. Reynolds Mortgage Co. (Tex. Civ. App.) 196 S. W. 565; Shull & Chipps Abst. Co. v. Schneider, 215 Mo. App. 595, 258 S. W. 449; Oliver v. Railway Co. (Mo. App.) 211 S. W. 699; Sooby v. Postal Telegraph Cable Co. (Mo. App.) 217 S. W. 877; Texas & Pacific Coal Co. v. Sherbley (Tex. Civ. App.) 212 S. W. 758; Strawn Coal Co. v. Trojan (Tex. Civ. App.) 195 S. W. 256.

In view of the rulings announced, the other assignments become immaterial, and the judgment is reversed, and the cause remanded.