## RICE v. JOHNSON.   (No. 378.)

(Court of Civil Appeals of Texas.   Waco.
June 10, 1926.   Rehearing Denied
Oct. 7, 1926.)

**Trial** ⊝⇒194(20)—**That jury was charged to consider total proceeds of leases in awarding recovery held error as on weight of evidence; plaintiff's right to share at all being crucial issue.**

That jury was charged, in suit to recover proceeds of leases of realty, to consider total amount of leases in awarding recovery was error as on weight of evidence; crucial issue being whether plaintiff was entitled to share at all in one of leases.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by Allie Johnson against Fannie Y. Rice. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Richard & A. P. Mays, of Corsicana, for appellant.

R. B. Molloy and Callicutt & Upchurch, all of Corsicana, for appellee.

### Statement.

GALLAGHER, C. J.   This is an appeal from the judgment of the district court awarding Miss Allie Johnson, appellee, a recovery against Miss Fannie Rice, appellant, for a balance found to be due as her share of the proceeds of the sale of an oil lease. The parties will be designated as in the trial court. Defendant held in her own name an oil lease on 22 acres of land. Her sister, Miss Lacy Rice, was jointly interested with her in said lease. On May 10, 1919, defendant sold plaintiff a one-third interest in said lease. Miss Lacy Rice, the equitable owner of said lease, was not present, and did not participate in said transaction. Plaintiff, however, knew of her interest in said lease. There is testimony in the record tending to show that thereafter Miss Lacy Rice knew of said sale, and recognized plaintiff and defendant as the owners of a third interest each in said lease, and that her interest therein was the remaining third thereof. Defendant, however, contended that said sale to plaintiff was without her sister's knowledge or consent, and that she objected to any diminution of her half interest in said lease, and that she (defendant) thereafter determined to furnish plaintiff the one-third interest sold her entirely out of her own half of said lease. Plaintiff gave defendant verbal authority to manage and dispose of her equitable interest in said lease as she might think best for their mutual interests. In the latter part of the year 1922 plaintiff left the state, and remained away nearly a year. The first communication between plaintiff and defendant during said absence was in September, 1923. Meanwhile, in April, 1923, defendant sold the south half of said lease for $100 an acre, or an aggregate sum of $1,100. On May 18, 1923, she sold the north half of said lease to another party for $500 an acre, amounting to the aggregate sum of $5,500. Sometime early in September, 1923, plaintiff wrote to defendant, stating that she had heard that she had sold said lease, and requesting defendant to send her her share of the proceeds. Defendant, in reply, wrote plaintiff a long letter, in which she stated that she had been very much discouraged over the prospect of getting any return from said lease; that an annual rental of $1 an acre had become due thereon; and that she did not have the money to pay the same, and had decided to abandon the lease and permit it to lapse; that her said sister offered to pay the rental, and did do so; that she offered her sister all her interest in the lease, but that she declined said offer, and said she would only claim her half thereof; that she (defendant) had made long and diligent effort to sell said lease, and had finally found a purchaser, and had tried to induce him to purchase the entire lease, but that he declined to purchase any more than the south half of the same; that her said sister declined to sell any part of her interest in said lease; that she (defendant) was very anxious to dispose of the interest held by plaintiff therein and to protect her from loss; that she and her said sister then agreed upon a partition of said lease, she taking for herself and for plaintiff the south half and her sister taking for herself the north half of said lease; that she thereupon sold the south half thereof to said purchaser, and received the consideration therefor. She made a statement of the amount received and charges and expenses attending perfecting the title and making the sale, which statement showed the net amount due plaintiff to be $463. For this amount she inclosed to plaintiff a check. She stated incidentally in said letter that her sister had later made a more advantageous sale of her half of said lease, but did not state when such sale was made nor the amount received therefrom. No further correspondence was shown. Shortly thereafter plaintiff returned to Texas, and, after some futile attempt to settle her differences with defendant, she brought this suit.

There was a trial before a jury. The jury in response to special issues submitted to them, found, in substance, that plaintiff by her original purchase acquired a one-third interest in said lease; that thereafter plaintiff, defendant, and defendant's sister owned said lease in equal shares; that no partition of said lease as contended by defendant was made; and that defendant received as her

---

own one-half the proceeds of the sale of the north part of said lease. Each of said issues was sharply contested, but there is evidence in the record sufficient to sustain all said findings. In response to an issue which will be hereafter quoted and discussed, the jury fixed the amount to be recovered by plaintiff at $1,507.33. Judgment was duly rendered for said amount: hence this appeal.

### Opinion.

The question of the amount to be recovered by plaintiff was submitted to the jury by the following special issue and instruction accompanying the same, to wit:

"What amount of money, if any, is due by the defendant, Miss Fannie Rice, to the plaintiff, Miss Allie Johnson, on said 22-acre lease on the Ramsey land, including 6 per cent. interest thereon from May 18, 1925, to this date? Answer in dollars. Answer: $1,507.33.

"You are instructed that in answering the above question you will take into consideration the total amount said leases brought, and deduct therefrom all expenses incurred in perfecting the title thereto, and also deduct 10 per cent. for commission for making said sale, but you will include 6 per cent. interest on the amount of money, if any, found for the plaintiff, as instructed in the foregoing question, and you will also deduct the sum of $463 paid by defendant to plaintiff."

Defendant objected to the submission of said issue and the charge accompanying it on the ground that the same were on the weight of the evidence, and assumed that plaintiff was entitled to one-third of the proceeds of the sale of the entire lease. The court overruled said objection. Defendant contended that plaintiff was entitled to participate only in the proceeds of the sale of the south half of said lease; that she (defendant) had a right to deduct from such proceeds certain charges; and that the sum paid to plaintiff was all she was entitled to receive after deducting such charges. Plaintiff contended that she was entitled to participate in the proceeds of the sale of the north half as well as the sale of the south half of said lease; and that she was entitled to recover more than the amount she had received. The crucial issue was whether plaintiff was entitled to participate at all in the proceeds of the sale of the north half of the lease. The charge complained of told the jury, in determining what amount of money, if any, was due plaintiff by defendant to take into consideration the proceeds of both leases, evidently meaning the proceeds of the sales of both the south and north halves of said lease. It was reasonably calculated to impress the jury with the idea that the court expected them to answer the other issues submitted to them in favor of plaintiff's contentions and to influence their verdict on such issues and it was therefore subject to the objection so

urged against it. Strawn Coal Co. v. Trojan (Tex. Civ. App.) 195 S. W. 256, 257, 258, 259; Texas & Pacific Coal Co. v. Sherbley (Tex. Civ. App.) 212 S. W. 758, 761; Turner v. Dinwiddie (Tex. Civ. App.) 276 S. W. 444, 445; Bates v. Dipple (Tex. Civ. App.) 242 S. W. 541, 542; Donoho v. Hunter (Tex. Civ. App.) 242 S. W. 282, 288; Consolidated Underwriters v. Free (Tex. Civ. App.) 253 S. W. 941 947; Equity Mutual Fire Ins. Co. v. Harrell (Tex. Civ. App.) 247 S. W. 678, 682; McCulloh v. Reynolds Mortgage Co. (Tex. Civ. App.) 196 S. W. 565, 566. In this case the jury were not instructed to answer the issue under discussion only in event they answered the preceding issues in such manner as to entitle plaintiff to participate in the proceeds of both said sales. In this respect it is distinguishable from Proctor v. Cisco & N. E. Ry. Co. (Tex. Com. App.) 277 S. W. 1047, 1048, and Davis v. Christensen (Tex. Civ. App.) 247 S. W. 303, 308 (writ refused). The holding here made is therefore not in conflict with said cases.

The other matters complained of will not necessarily arise on another trial. The judgment of the trial court is reversed, and the cause remanded.