**Donald R. EGLOFF, Plaintiff,**

v.

**WILCOX ELECTRIC COMPANY, et al., Defendants.**

No. 76–CV–367–W–1.

United States District Court,
W. D. Missouri, W. D.

Dec. 7, 1981.

Lawrence R. Pelofsky, Kansas City, Mo., for plaintiff.

Robert L. Driscoll, Stinson, Mag & Fizzell, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT III (Service Letter Count) OF PLAINTIFF'S COMPLAINT

JOHN W. OLIVER, Senior District Judge.

Pursuant to agreed procedures, this case pends on defendant's motion for summary judgment on Count III (Service Letter Count) of plaintiff's complaint. Two questions are presented: (1) did plaintiff make a sufficient request for a service letter pursuant to Mo.Ann.Stat. § 290.140 and (2) is the defendant estopped from challenging the sufficiency of plaintiff's alleged request. We find and conclude that under the undisputed factual circumstances both questions must be answered in the negative and that defendant's pending motion must accordingly be granted.

## I.

In paragraph 16 of Part III of Standard Pretrial Order No. 2, filed and approved by the Court on May 9, 1980, the parties agreed that:

The only writing which plaintiff contends satisfies the Missouri Service Letter Statute's requirement of a written request for a service letter is the correspondence of August 19, 1975 from plaintiff to Leroy Kaufold.

Plaintiff's brief in opposition to the pending motion quotes but a single paragraph of that letter which stated:

However, since you terminated me without explanation, you may have some reason *why I should not return to work at Wilcox. If so*, will you be kind enough to advise me. [Emphasis ours]

Plaintiff does not contend that the quoted paragraph from plaintiff's August 19, 1975 letter was a request for a letter which would set forth "the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit the service," as required by § 290.140. Rather, plaintiff argues, in reliance upon *State ex rel. Terminal R.R. Ass'n of St. Louis v. Hughes*, 350 Mo. 869, 169 S.W.2d 328 (1943); *Ackerman v. Thompson*, 356 Mo. 558, 202 S.W.2d 795 (1947), and *Wuerderman v. J. O. Lively Construction Co.*, 602 S.W.2d 215 (Spr.Ct. Mo.App. 1980), that the provisions of the statute and the facts of a particular case arising thereunder should be construed liberally in favor of the employee.

Plaintiff specifically argues that:

Plaintiff's request was to know "the reason as to why I should not return to work at Wilcox" and it was made in the context that the corporation had "terminated" him "without explanation." It is obvious that plaintiff viewed, and expressed his view that, the "reason for termination" and the reason he should not return to work as identical.

■ We find and conclude that plaintiff's request for an explanation in regard to why he should not be permitted to "return to work for Wilcox" can not, under the undisputed circumstances and applicable Missouri law, be considered as a request for a § 290.140 service letter. Defendants accurately point out that plaintiff's August 19, 1975 letter was merely the culmination of an extended correspondence which commenced June 5, 1975. The parties have stipulated that "on March 31, 1975 plain-

tiff's employment with Wilcox was terminated;" that plaintiff continued on the payroll of Wilcox Electric Company through August 14, 1975 "to compensate him for his accumulated vacation and sick leave;" and that "plaintiff performed no services for Wilcox or its subsidiaries after March 31, 1975." (Paragraphs 6, 7, and 8 of Part III of Standard Pretrial Order No. 2).

■ It was further stipulated that "at no time during his employment with the defendants did plaintiff enter into a written contract of employment" (paragraph 18 of Part III of Standard Pretrial Order No. 2), which meant that, under controlling Missouri law, plaintiff did not have any "right to continued employment, however long may have been his service to his employer" nor was the defendant corporate employer "under duty to give his employee a letter of recommendation or a 'service letter' in the absence of statute . . . imposing such duty." *Carr v. Montgomery Ward & Company*, 363 S.W.2d 571 at 574 (S.Ct.Mo.1963).

On June 5, 1975, at a time when plaintiff was still on the payroll for purposes of receiving his accumulated vacation and sick pay, plaintiff wrote defendant's Director of Industrial Relations about how various travel and other expenses should be credited, about whether he would be permitted to purchase the automobile assigned him at net book value, about how his vacation and sick leave should be calculated. Plaintiff stated in the same letter:

> Also Tom, please let me know what the policy or practice is of Wilcox personnel taking an unpaid leave of absence. I would like to find some way to protect my length of service for pension vesting purposes. . . . If there is some way that I could take a leave of absence without any pay of course then my years of continuous service could continue for a period. Anything that you could do for me in this regard will be greatly appreciated.

On July 30, 1975 plaintiff wrote Leroy Kaufold, President of Wilcox, a letter, copy of which is attached hereto. It is clear that the concern and objective reflected by plaintiff's July 30, 1975 letter related solely to plaintiff's effort to obtain an unpaid leave of absence so that his employment could be extended to ten years and thus permit the vesting of his pension rights. It should be noted that plaintiff indicated a willingness in his July 30, 1975 letter "to assume another role at Wilcox or Northrup," and implied in connection with that matter that he assumed that he was eligible for another job because "No reason was ever given me as to why you took such action [of announcing that plaintiff would be leaving the company], either then or as of the date of this writing."

Plaintiff's August 19, 1975 letter to Leroy Kaufold, copy of which is also attached hereto, makes direct reference to plaintiff's July 30, 1975 letter and complained about not having "heard from you regarding my letter to you of July 30, 1975 requesting an unpaid leave of absence." After requesting a response to his August 19, 1975 letter, plaintiff stated that:

> In the event you deny my request for an unpaid leave of absence then I hereby request to return to Wilcox as an employee. I sincerely believe that you will find my past nine years of experience there an asset. Actually, I would prefer to return as an employee rather than an unpaid leave of .absence.

The two sentence paragraph of plaintiff's August 19, 1975 letter which we quoted above and which plaintiff now contends should be considered as a § 290.140 request for service letter immediately followed the paragraph just quoted from plaintiff's August 19, 1975 letter. Plaintiff's reiteration of the fact that he had been "terminated . . . without explanation" was not made in the context suggested by plaintiff's argument; rather, that language obviously related back to plaintiff's July 30, 1975 letter in which he indicated a willingness to accept another position with either of the defendant companies.

The fact that plaintiff complained about having been terminated without explanation and the fact that plaintiff requested a statement of the reason "why I should not return to work at Wilcox" may not, under

applicable Missouri law, be construed either as a direct or inferable request for a Section 290.140 service letter.

As is true in this case, the long time Montgomery Ward employee's letter to her corporate employer considered by the Supreme Court of Missouri in *Carr v. Montgomery Ward & Co.*, 363 S.W.2d 571 (S.Ct. Mo.1963), complained that the assistant manager who dismissed her told her that "she didn't know" why she had been dismissed. In another place in her letter, the Montgomery Ward employee reiterated that she had been dismissed "without a reason or a notice."

Plaintiff in *Carr*, unlike the plaintiff in this case, specifically requested the corporate defendant to "please send me a letter of recommendation so that I might obtain work." The Supreme Court of Missouri in *Carr* affirmed the trial court's action dismissing plaintiff's complaint on the ground that plaintiff's letter, attached to plaintiff's complaint as Exhibit "A," "was not, . . . as a matter of law, a request for a service letter within the meaning of Section 290.-140 . . . and plaintiff has therefore failed, as a matter of law, to comply with and bring herself within the terms of said section . . . ." The Supreme Court of Missouri held in *Carr* that:

> Nowhere in Exhibit "A" do we find any direct or inferable request for a letter truly stating (1) the nature and character of the service rendered by plaintiff, (2) the duration thereof and (3) the cause, if any, for her discharge. Under the authorities above cited she has no cause of action under the statute until she had made, in substance, the written request therein required.

The factual circumstances in *Carr*, which included a specific request for a letter of recommendation, were stronger in plaintiff's favor than the factual circumstances of this case. *Carr* must therefore be considered controlling.

### II.

■ Plaintiff argues in the alternative that the defendants are estopped to deny that the plaintiff made an adequate request for a service letter. The two cases relied upon by plaintiff, *Soule v. St. Joseph Ry., Light, Heat & Power Co.*, 220 Mo.App. 497, 274 S.W. 517 (1925), and *Gerharter v. Mitchellhill Seed Co.*, 157 S.W.2d 577 (K.C.Mo. App.1942), are clearly distinguishable from the undisputed factual circumstances of this case and do not support plaintiff's estoppel argument. Horn-book law establishes that the doctrine of estoppel is a creature of equity and is applied to prevent injustice and fraud. Generally speaking, estoppel is designed to forbid one to speak against his own act to the injury of another who may have reasonably relied on the former's act or representation.

■ The Missouri service letter cases, as illustrated by *Carr v. Montgomery Ward, supra*, make clear that the burden rests upon an employee to bring himself within the coverage of Section 290.140. We know of no Missouri case which has permitted recovery without proof of a request which could be said to be within the purview of the statute. *Brinks, Inc. v. Hoyt*, 179 F.2d 355 (8th Cir. 1950), concluded that the language contained in the letter involved in that case was sufficient to bring the plaintiff within the coverage of the statute for the reason that the plaintiff, in lay language, requested all of the information which a corporate employer was required to furnish under the statute. It is clear that *Brink's, Inc. v. Hoyt* was not based on either waiver or estoppel. That case does not support plaintiff's service letter claim in this case because plaintiff's August 19, 1975 letter simply is not comparable to the letter there considered by the Eighth Circuit.

For the reasons stated, it is

ORDERED (1) that defendants' motion for summary judgment on Count III (the Service Letter Count) of plaintiff's complaint should be and the same is hereby granted. It is further

ORDERED (2) that in light of the disposition of the other counts, final judgment should now be entered for defendants in connection with the entire case.