**Donald R. EGLOFF, Appellant,**

v.

**WILCOX ELECTRIC COMPANY, Northrop Corporation, American Standard, Inc., and Leroy Kaufold, Appellees.**

No. 82–1214.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1982.

Decided Oct. 29, 1982.

Rehearing Denied Nov. 23, 1982.

Stinson, Mag & Fizzell, Robert L. Driscoll, Kirk T. May, Kansas City, Mo., for appellees.

Dennis J. C. Owens, Kansas City, Mo., for appellant.

Before BRIGHT and ARNOLD, Circuit Judges, and MEREDITH,* Senior District Judge.

BRIGHT, Circuit Judge.

Donald R. Egloff brought this suit against Wilcox Electric Co., his former employer, following his termination as chief financial officer for Wilcox. Egloff's complaint against Wilcox contained four counts. Count I alleged that Wilcox fired Egloff to prevent his rights to a pension from vesting, in violation of 29 U.S.C. § 1132(f) (ERISA). Count II alleged that Wilcox terminated Egloff because of his age, in violation of 29 U.S.C. § 626 (Age Discrimination in Employment Act of 1967). In count III, Egloff claimed that Wilcox's letter to him on September 5, 1975, stated untrue reasons for his termination, and violated the Missouri Service Letter Statute. Mo.Rev.Stat. § 290.140 (1978).[1] Count IV, which stated a claim based on breach of contract, was dismissed.

The district court[2], 529 F.Supp. 190, separated counts I and II from the service letter claim and tried them before a jury. After the jury returned verdicts in favor of Wilcox on both counts I and II, the district court granted summary judgment in favor of Wilcox on the service letter claim. The court held, as a matter of law, that Egloff's letter to Wilcox following his termination did not constitute a written request for a service letter as required by the statute. Consequently, Egloff could not bring a claim against Wilcox for violating the Service Letter Statute.

Under the Missouri Service Letter Statute, a discharged employee seeking a service letter must submit a written request to his former employer. Upon receiving the request, the employer must issue the employee a letter which states: "[1] the nature and character of service rendered * * *, [2] the duration thereof, and [3] [the] cause, if any, [for the discharge]." Mo.Rev.Stat. § 290.140 (Supp.1982). Egloff contends on appeal that his letter to Wilcox of August 19, 1975, which stated, "since you terminated me without explanation, you may have some reason why I should not return to work," should be considered a request for a service letter under the statute. Egloff argues that while his letter may not have met the precise requirements under the statute, it should be considered in context and in light of the surrounding circumstances.

The district court concluded that Egloff's letter could not, under the circumstances, be considered a request for a service letter.

---

* JAMES H. MEREDITH, United States Senior District Judge, Eastern District of Missouri, sitting by designation.

1. The 1978 statute read, in pertinent part:

   Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service[.] [Mo.Rev.Stat. § 290.140 (1978).]

   The statute has since been revised to read:

   Whenever any employee of any corporation doing business in this state and which employs seven or more employees, who shall have been in the service of said corporation for a period of at least ninety days, shall be discharged or voluntarily quit the service of such corporation and who thereafter within a reasonable period of time, but not later than one year following the date the employee was discharged or voluntarily quit, *requests in writing by certified mail to the superintendent, manager or registered agent of said corporation, with specific reference to the statute,* it shall be the duty of the superintendent or manager of said corporation to issue to such employee, within forty-five days after the receipt of such request, a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee was discharged or voluntarily quit such service. [Mo.Rev.Stat. § 290.140 (Supp.1982) (emphasis added).]

2. The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri.

It noted that under the Service Letter Statute, Egloff carried the burden of proving himself within the purview of the statute. After finding that Egloff did not specifically request a service letter in his letter to Wilcox, the court considered the letter in light of the surrounding circumstances, as Egloff had urged. The court found that Egloff's August 19 letter was one in a series of letters Egloff wrote while attempting to obtain either an unpaid leave of absence or a new position in order to acquire his pension rights. Thus, the court held Egloff did not meet his burden under the statute.

From our examination of the record and the authorities cited by Egloff, we cannot say that the district court erred either legally or factually in determining that Egloff did not bring his claim within the terms of the Service Letter Statute. Accordingly, we affirm on the basis of the district court's well-reasoned opinion. *See* 8th Cir.R. 14.